Archie Preston LATHON, Plaintiff,

v.

PARISH OF JEFFERSON et al.,
Defendants.

Civ. A. No. 72–562.

United States District Court,
E. D. Louisiana.

April 6, 1973.

R. M. Michalczyk, A. W. Wambsgans, Metairie, La. for Cronvich and Reed.

Joseph J. Laura, Jr., New Orleans, La., for Gairrusso.

## REASONS

CASSIBRY, District Judge.

The plaintiff in this case seeks to hold the various defendants here liable in damages for allegedly illegal conduct that occurred in connection with his arrest for certain drug offenses. The plaintiff's complaint asserts that his warrantless arrest was tainted by an illegal wiretap and an illegal search. He alleges further that certain of the defendants lied about these circumstances at his trial, as a direct consequence of which he was found guilty of the offenses in question and sentenced to a term in prison which he is now serving.

■■■ The various defendants raise different objections to the sufficiency of these allegations. The defendant Giarrusso alleges that he played no personal role in the events in question and that the only way he could be held liable for any illegal acts would be if he had had a direct personal involvement in them. This contention is correct. The doctrine of *respondeat superior* has no place in a civil rights action brought under § 1983. (Bennett v. Gravelle, D.Md.1971, 323 F. Supp. 203; Sanberg v. Daley, N.D.Ill.

1969, 306 F.Supp. 277; Salazar v. Dowd, D.Colo.1966, 256 F.Supp. 220; Jordan v. Kelly, W.D.Mo.1963, 223 F.Supp. 731), and plaintiff has failed to allege any facts showing that defendant Giarrusso personally acted under color of law to deprive plaintiff of rights, privileges and immunities secured by the United States Constitution. The absence of such allegations is fatal to the complaint. Peoples Cab Co. v. Bloom, W.D.Pa.1971, 330 F.Supp. 1235. Consequently that defendant's motion to dismiss must be granted.

■■■ The defendants Reed and Cronvich launch a broader attack on the sufficiency of the plaintiff's complaint. They first assert that the plaintiff's cause of action is prescribed, as the arrest upon which it is based occurred more than one year prior to the commencement of this action, and the state-derived limitations period applicable to this suit is the one-year period governing offenses and quasi-offenses contained in La.Civ.Code Art. 3536. While I believe that this position is correct as to any cause of action sounding in false arrest, Meyers v. Edwards, 256 So.2d 337, 339 (La.App.1971), I do not believe that it disposes of a cause of action sounding in false imprisonment, since "Louisiana apparently follows the majority rule that the prescriptive period does not begin to run until such time as the plaintiff is released from prison, although his cause of action is complete once the last of those acts leading to the harm he is suffering is accomplished." Whitsell v. Rodrigues, E.D.La.1972, 351 F.Supp. 1042, 1045, and authorities cited therein. A successful objection to a plea of prescription might also obtain as to any cause of action based on perjured testimony at trial.

Defendants Reed and Cronvich, however, have a more telling objection to the plaintiff's present action. Essentially they make three separate but related arguments:

(1) Lathon cannot prevail because, having been convicted of the crime for

which the officers arrested him, he has not been falsely imprisoned;

(2) The conviction of Lathon means that any subsequent imprisonment was pursuant to court order, and the officers are insulated thereby from any liability;

(3) Even if the plaintiff's complaint is not substantively defective, this court ought not to look behind the federal proceedings and reexamine the validity of plaintiff's arrest and subsequent confinement, both of which were adjudged proper by the trial court and by the Fifth Circuit on direct review.

The plaintiff has made no response to this motion. As I believe that the defendants' third assertion is dispositive of the issues here, I need not reach their broader contentions of absolute immunity from liability.

 The defendants point out that both the district court and the Court of Appeals found as facts that the plaintiff's arrest was proper. His characterization of the alleged eavesdropping, entry and seizure that preceded it as an "unwarranted and illegal invasion of his privacy" presented questions of fact that were resolved against the petitioner at his trial. Similarly the question of the veracity of the agents' testimony regarding these events was necessarily passed upon and decided adversely to the plaintiff here. At this juncture, these determinations seem to encompass all of the allegedly improper conduct forming the basis of the plaintiff's complaint. Thus either on the grounds of issue preclusion, Palma v. Powers, 295 F.Supp. 924, 933, N.D.Ill.1969, or out of a due respect for the workings of the federal judicial system, *cf.* Martynn v. Darcy, 333 F. Supp. 1236, 1240–1242, E.D.La.1971, those factual and legal judgments must be given conclusive effect and the plaintiff's action dismissed.

The insurmountable obstacle that the plaintiff faces here is that, irrespective of the unreasonableness of his arrest, it is a complete defense to an action for false arrest or false imprisonment that he did commit the crime for which he was arrested. Martynn v. Darcy, supra; Whirl v. Kern, 407 F.2d 781, 790 (5th Cir. 1968); I. Harper & James, The Law of Torts § 3.18 at 280 (1956) and cases cited therein. Here Lathon stands convicted of just those offenses. Thus before he can hope to prevail, he must establish that, despite his conviction, he is in fact innocent of the crimes for which he is imprisoned. But it is well established that the only basis for collateral attack on a federal conviction is by way of a § 2255 petition. 28 U.S.C. §§ 2241, 2255; 7B J. Moore, Federal Practice § 2255, at 915.2–915.4 (1972). In a sense, therefore, the plaintiff's action is premature, in that its success depends on his innocence, a fact not yet established and incapable of being established in these proceedings.

For the above stated reasons, the defendants' motion to dismiss is granted.