**Rolen R. RAINS, Appellant,**

v.

**CORRIGAN PROPERTIES, INC., Swearingen Management Company, Inc., and Robert McNelis, Jr., Appellees.**

No. 20231.

Court of Civil Appeals of Texas, Dallas.

May 16, 1980.

Rehearing Denied June 10, 1980.

L. Randall Yazbeck, Barclay & Yazbeck, Dallas, for appellant.

Joan E. Vachule, M. Leigh Bartlett, Edwin E. Wright, III, Vial, Hamilton, Kock, Tubb, Knox & Stradley, Dallas, for appellees.

Before ROBERTSON, CARVER and HUMPHREYS, JJ.

ROBERTSON, Justice.

This is an appeal from a summary judgment granted the appellees in appellant's suit against them for false arrest and false imprisonment. Appellant was distributing advertising bulletins in a building owned by appellee Corrigan Properties, Inc., and operated by appellee Swearingen Management Company, Inc. through their building manager, appellee Robert McNelis, Jr., when he was arrested, apparently at the instigation of appellees, by officers of the Dallas Police Department. Appellant was thereafter jailed and charged with the offense of criminal trespass. That offense is defined in pertinent part as follows:

(a) A person commits an offense if he enters or remains on property or in a building of another without effective consent and he:

(1) had notice that the entry was forbidden; or

(2) received notice to depart but failed to do so.

(b) For purposes of this section:

(1) "entry" means the intrusion of the entire body; and

(2) "notice" means:

(A) oral or written communication by the owner or someone with apparent authority to act for the owner;

(B) fencing or other enclosure obviously designed to exclude intruders; or

(C) signs posted to be reasonably likely to come to the attention of intruders.

Tex.Penal Code Ann. § 30.05 (Vernon 1974).

In the trial court appellees moved for summary judgment on the basis of the admissions contained in appellant's pleadings, as well as the following separate admissions by appellant:

Plaintiff did not have the effective consent of the owner of Corrigan Tower Building to enter or remain in the building.

Plaintiff had notice that his entry into Corrigan Tower Building was forbidden.

Plaintiff received notice to depart from the Corrigan Tower Building but failed to do so.

Appellees contended that these admissions constituted an admission of committing the offense charged, thus precluding as a matter of law a cause of action for false arrest and false imprisonment. Appellant responded first that appellees had failed to establish that his arrest was pursuant to any statutory provision granting authority to make such arrest, and that the summary judgment evidence established that no authority existed for his arrest under article 14.01 of the Texas Code of Criminal Procedure.[1] Next, appellant asserted that section 30.05 of the Texas Penal Code should not be interpreted to encompass his conduct in the instant case, and, that if it was so interpreted, it was unconstitutional. The trial court granted appellees' motions. We affirm.

Appellant's two points of error bring forward the two main points asserted by him in his response to appellees' motions for summary judgment. Regarding appellant's first point of error, appellees contend that because appellant admitted all the elements of criminal trespass, as a matter of law he cannot maintain a suit for false arrest or false imprisonment regardless of the illegality of his arrest. We have been cited to no Texas authority on point nor has our research revealed any. Two federal cases, however, are cited by the appellees and are squarely on point. *Lathon v. Parish of Jefferson*, 358 F.Supp. 558 (E.D.La.1973); *Martynn v. Darcy*, 333 F.Supp. 1236 (E.D.La. 1971). In both of those decisions the rule is stated that regardless of the unreasonableness of a party's arrest, if he actually committed the crime for which he was arrested he cannot maintain an action for false ar-

---

1. (a) A peace officer or any other person may, without a warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony or as an offense against the public peace.

(b) A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view. Tex.Code Crim.Pro.Ann. art. 14.01 (Vernon 1977).

rest or false imprisonment. *Lathon v. Parish of Jefferson*, 358 F.Supp. at 560; *Martynn v. Darcy*, 333 F.Supp. at 1241. In their treatise on the law of torts Professors Harper and James recognize that grounds may exist for a rule contrary to that just stated. Nonetheless, they conclude that this rule is the sounder one because "[t]he arrest of the guilty man should not be the basis of an action looking toward the recovery of damages for the invasion of his interest for the obvious reason that he has sustained no wrong." 1 F. Harper & F. James, The Law of Torts § 3.18, at 280 (1956). We concur in this view and adopt the rule stated above.

■ Appellant contends that, even if that rule does apply to this case, appellees' summary judgment evidence does not establish that he had "notice" as defined in subsection (b) of section 30.05. We cannot agree. When appellees submitted as summary judgment evidence appellant's admissions that he "had notice that his entry into the Corrigan Tower Building was forbidden," and that he "received notice to depart from the Corrigan Tower Building but failed to do so," and asserted that these and the other admissions established that appellant had violated section 30.05, they had established that portion of their case as a matter of law. It was then up to appellant to introduce evidence, if any existed, to raise a factual issue on this point. Since appellant did not file an answer or submit summary judgment evidence raising an issue as to notice, the trial court properly granted appellants' motions.

■ Appellant's second point of error, regarding the application of section 30.05 to the facts of this case and the constitutionality of that section, is controlled by this court's opinion in *Rains v. Mercantile National Bank*, 599 S.W.2d 121 (Tex.Civ.App. —Dallas 1980, no writ). In that case we held that section 30.05 applies to a person who is distributing advertising circulars in a private office building and may be used by the owner of that building to exclude that person from the building and that such an application does not violate that person's first amendment rights.

Accordingly, we affirm the trial court's rendition of summary judgment.