**TACO BELL, INC., Appellant,**

v.

**Gregory M. SALEME, Appellee.**

**No. 09–84–323–CV.**

Court of Appeals of Texas,
Beaumont.

Dec. 12, 1985.

Rehearing Denied Jan. 2, 1986.

Joe Michael Dodson, Beaumont, for appellant.

Daniel Clayton, Beaumont, for appellee.

### OPINION

BURGESS, Justice.

Plaintiff below, Gregory M. Saleme, brought this suit for false arrest against defendant below, Taco Bell, Inc., and recovered a twenty-one thousand dollar ($21,000) judgment. Defendant has perfected appeal to this Court, bringing forth three points of error.

The first point of error alleges Taco Bell was entitled to judgment as a matter of law because it was proved a crime was committed by the plaintiff. Taco Bell urges it proved Saleme committed the offense of reckless damage or destruction of property. *TEX.PENAL CODE ANN. sec. 28.04* (Vernon 1984).

In a jury trial, the following Special Issue was submitted to the jury, and the jury's answer is herewith given:

"Do you find from a preponderance of the evidence that on the occasion in question, the conduct of the Plaintiff, Gregory M. Saleme, brought about any damage or destruction to the property of Taco Bell, without the effective consent of Taco Bell?

"ANSWER: We do."

Defendant had an off-duty police officer in its establishment as a security guard on the night of January 25, 1980. The testimony is quite conflicting, but the guard saw the plaintiff and another person scuffling. The other person put his foot through a sheetrock wall as a result of the scuffle. The conduct was described by the guard as "very reckless", but was described by the young men as only accidental, and the scuffle as a manner of greeting. At any rate, ·the guard took both before the store's manager, who decided to prosecute. The damage to Taco Bell's property is undisputed.

 The defendant (appellant) cites us *Rains v. Corrigan Properties, Inc.*, 600 S.W.2d 895 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.), as controlling. We agree it is controlling as to the law. There, appellant was distributing advertising bulletins in a building owned by appellee, when he was arrested at the instigation of appellee. Appellant was thereafter jailed and charged with criminal trespass. In citing *1 F. HARPER & F. JAMES, LAW OF TORTS sec. 3.18, at 280* (1956), the Court held that regardless of the unreasonableness of a party's arrest, if he actually committed the crime for which he was arrested, he cannot maintain an action for false arrest or false imprisonment.

In *Rains*, the plaintiff admitted all the elements of a criminal trespass. This clearly distinguishes the instant case.

In the instant case, the plaintiff did not admit he committed all the elements of any offense. The jury's answer to the special issue did not speak to the nature of the plaintiff's conduct. For there to be a violation of *TEX.PENAL CODE ANN. sec. 28.04* (Vernon 1984), there must be reckless conduct, the jury made no such finding and under this record, it was not established as a matter of law. Taco Bell failed to meet its burden to establish that the plaintiff committed a crime. Point of error number one is overruled.

Points of error numbers two and three complain that the jury's finding there

was not probable cause to believe an offense was being committed, it was against the great weight and preponderance of the evidence, and was in fatal and irreconcilable conflict with the special issue inquiring whether the plaintiff's conduct caused the damage. Having reviewed all of the evidence and the court's charge, the jury's answer is supported by the evidence. Further, as discussed in the first point of error, the jury made no finding that a crime had been committed. Thus, there is no conflict. These points of error are overruled. The judgment of the trial court is affirmed.

AFFIRMED.