ALLEN M. BABINEAUX, Judge Pro Tem.
In this lawsuit the plaintiff seeks damages from the defendants for injuries he allegedly sustained while a prisoner in the Ville Platte City Jail. The defendants are the Ville Platte Chief of Police and a dispatcher with the police department. The plaintiff alleges these defendants are liable to him for injuries he sustained when another prisoner started a fire within the jail. The defendants filed an exception of prescription which the trial court sustained, dismissing the plaintiffs lawsuit. No written reasons were issued. We affirm.
The plaintiff suffered the alleged injuries on May 5, 1980. On April 27, 1981 a petition, including the cause of action made subject of this state court action, was filed in the United States District Court. Service of process upon the defendant, Linda Brown, was effected on May 7, 1981, and on the defendant, James Bordelon on May 8, 1981. An exception of lack of jurisdiction over the subject matter was filed and judgment was rendered sustaining that exception with regard to the present defendants on November 18, 1982. An appeal from that judgment was taken, and judgment on appeal affirming the United States District Court was rendered August 16, 1984. On October 8, 1984, this lawsuit was filed. The Louisiana district court sustained the exception of prescription on December 14, 1984 and ordered dismissal of the plaintiffs suit.
These facts, as recited, establish that service of process upon the present defendants was not completed until after the passage of one year from the date the alleged injuries were sustained by the plaintiff. In their exception of prescription to the state court action, the defendants argue that because the federal district court lacked subject matter jurisdiction, filing of suit in federal court did not interrupt prescription of the plaintiffs action. Additionally, they argue that because service of process was not effected prior to the passage of one year, which they argue is the applicable prescriptive period, the plaintiffs action has clearly prescribed in conformity with the provisions of LSA-R.S. 9:5801[1] and *246 La.Civ.Code Art. 3536[2]. If the one year prescriptive period is applicable, as the defendants argue, then the defendants are correct and the plaintiff’s action has prescribed. See Tally v. Lovette, 332 So.2d 924 (La.App. 3rd Cir.1976).
The plaintiff argues that application of the one year prescriptive period is incorrect. It is contested that this cause of action is governed by the two year prescriptive period provided in LSA-R.S. 33:1442[3]. This statute provides:
“Sheriffs and their securities may prescribe against their acts of misfeasance or nonfeasance, and their offenses and quasi offenses, after the lapse of two years from the day of the omission or commission of the acts.”
The plaintiff further argues that pursuant to the definition of “Sheriff” found in La. C.Cr. Art. 7, the two year prescriptive period provided in LSA-R.S. 33:1442 is applicable to the defendant James Bordelon who is the Chief of Police of the City of Ville Platte. The plaintiff has not contended in his brief that the same is applicable to the defendant Linda Brown. Louisiana Code of Criminal Procedure Article 7 provides:
“Unless the context clearly indicates the contrary, the term ‘district attorney’ includes a municipal prosecuting officer; the term ‘sheriff’ includes a city or municipal police chief or a city marshall; and other official titles include their counterparts in municipal and parochial governments.”
While the Court considers the plaintiff’s argument artfully crafted, we find it is not persuasive and without merit. The plaintiff has cited no authority in support of his contentions. The definition provided in La. C.Cr.P. Art. 7 is intended as an aid in construction of the provisions of the Code of Criminal Procedure. (See Official Revision Comments to La.C.Cr.P. Art. 7) Its application beyond that in civil proceedings such as this is beyond the scope for which it was enacted. Furthermore, whether the plaintiff's injuries resulted from nonfea-sance, misfeasance or negligence the action is characterized as delictual. Prescription of delictual actions occurs after one year from the date that injuries are sustained. La.Civ.Code Arts. 3436 and 3437. The two year period found in LSA-R.S. 33:1442 is an exception to this rule and as such it must be strictly construed. Generally “... prescriptive statutes are strictly construed, and the facts of the case must bring the action clearly within the specific provision of the law sought to be applied.” United Carbon Company v. Mississippi River Fuel Corp., 230 La. 709, 89 So.2d 209 (1956) We find that the provisions of LSA-R.S. 33:1442 are inapplicable in this case. Accordingly, we hold that the one year prescriptive period is applicable to plaintiff’s action and that the action has prescribed for the reasons herein assigned.
Accordingly, the judgment of the trial court sustaining the exception of prescription and dismissing the plaintiff’s' suit is affirmed at the appellant’s cost.
AFFIRMED.

. LSA-R.S. 9:5801 was repealed by Acts 1982, No. 274. The substance of its provisions have been re-enacted without changing the law, in Civ.Code Art. 3462, Acts 1982, No. 187.

. Prior to the amendment and re-enactment of Title XXIV of Book III of the La.Civ.Code, La. Civ.Code Art. 3536 governed the prescriptive period for tort actions. Now, La.Civ.Code Art. 3492 establishes the prescriptive period for torts.

. LSA-R.S. 33:1442 was amended by Acts 1980 No. 130. It now reads: "Sheriffs and their securities may prescribe against their acts of misfeasance or nonfeasance after the lapse of two years from the day of the omission or commission of the acts.”