HILL, Circuit Judge:
 

 Dees, a federal prisoner, brought this civil rights action against various state and federal defendants, alleging that they gave and suborned perjured testimony, conspired to manufacture evidence against him and withheld allegedly exculpatory evidence from the grand jury in order to procure his conviction. As relief, he seeks an order adjudicating his arrest, conviction and imprisonment “substantively violative” of his eighth, fifth, and fourteenth amendment rights and monetary damages. Dees previously challenged his conviction by direct appeal and collateral attack but did not raise the issue of knowing introduction of peijured testimony. The district court dismissed the complaint without prejudice, to allow Dees to exhaust available remedies attacking the validity of his conviction.
 

 The question whether a federal prisoner must exhaust federal habeas corpus remedies under 28 U.S.C. § 2255 before bringing a civil rights action challenging the validity of the prisoner’s conviction has been addressed in only one reported decision.
 
 See Lathon v. Parish of Jefferson,
 
 358 F.Supp. 558, 560 (E.D.La.1973). With regard to similar actions by
 
 state
 
 prisoners, the rule in this circuit is that
 

 the propriety of a prisoner’s § 1983 action is not to be determined solely on the basis of the relief sought, i.e., monetary damages as opposed to relief from confinement, but instead the federal courts must examine the basis of the complaint and determine whether the claim, if proven, would factually undermine or conflict with validity of the state court conviction which resulted in the prisoner’s confinement. If the basis of the § 1983 claim does go to the constitutionality of the state court conviction, the exclusive remedy is habeas corpus relief with the comity inspired prerequisite of exhaustion of state remedies.
 

 Richardson v. Fleming,
 
 651 F.2d 366, 373 (5th Cir.1981). Although federalism concerns are not present in a suit by a federal prisoner, the exhaustion requirement remains because habeas corpus is the “exclusive initial cause of action” where the claim challenges the constitutionality of the conviction.
 
 Fulford v. Klein,
 
 529 F.2d 377,
 
 *1537
 
 381 (5th Cir.1976),
 
 adhered to en banc,
 
 550 F.2d 342 (1977).
 
 Cf. Preiser v. Rodriguez,
 
 411 U.S. 475, 490, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439 (1973) (“Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of [42 U.S.C.] § 1983.”).
 

 Here, Dees clearly is challenging the validity of his conviction: not only does he request that his conviction be declared constitutionally invalid, but proof of his claim would factually undermine his conviction. Congress provided 28 U.S.C. § 2255 as the appropriate remedy for collateral attack of a federal conviction. Therefore, we hold that a federal prisoner may not bring a civil rights action directed at the validity of the prisoner’s conviction without first exhausting federal habeas corpus remedies.
 

 AFFIRMED.