527 So.2d 473 (1988)
STATE of Louisiana
v.
Pedro RESTREPO.
No. 88-KA-58.
Court of Appeal of Louisiana, Fifth Circuit.
June 7, 1988.
John M. Mamoulides, Dist. Atty., Gaynell Williams, Asst. Dist. Atty., Gretna, for plaintiff-appellee.
Frederick J. King, Jr., New Orleans, for defendant-appellant.
Before KLIEBERT, GRISBAUM and GOTHARD, JJ.
*474 KLIEBERT, Judge.
The defendant, Pedro Restrepo, and his wife, Gloria Padilla, were charged by bill of information with possession of over 200 and less than 400 grams of cocaine, in violation of LSA-R.S. 40:967. Pursuant to a plea bargain agreement defendant entered a plea of guilty to the reduced charge of attempted possession, and all charges against Padilla were dismissed. After reviewing a pre-sentence investigation report the trial judge imposed a sentence of fifteen years at hard labor and a fine of $75,000.00 plus $215.00 in costs and fees, to be paid within one year of the defendant's release from prison. Defendant appeals the sentence imposed as excessive. For the reasons which follow we vacate the sentence and remand the case for resentencing.
Jefferson Parish Sheriff's deputies executed a search warrant at the residence of Pedro Restrepo and Gloria Padilla. Approximately one pound of cocaine, a triple-beam scale, and $14,159.00 in currency were seized. The currency was forfeited to the state pursuant to the provisions of LSA-R.S. 32:1550, et seq.
The trial judge had the benefit of a pre-sentence investigation report. The report reflects that the defendant is 34 years old, was born in Columbia, S.A., and has resided in the United States for fourteen years. He is married, has no children, and is a self-employed mechanic. Defendant is a first felony offender with no previous arrests; however, approximately one month before sentencing defendant was arrested for possession of cocaine. The summary and recommendation of the probation officer is that the defendant meets the eligibility requirements for the Intensive Incarceration/Parole Program (LSA-R.S. 15:574.4 et seq.) and is recommended for same should his sentence be for imprisonment for seven years or less.
The sentence imposed was the maximum term (15 years) of imprisonment under the statute for attempted possession, which is one-half of the maximum (30 years) for possession. Further, defendant's fine was $75,000.00 of a possible $175,000.00. As a general rule maximum sentences are reserved for the most serious violations of the relevant statutes and the worst type of offender. State v. Jones, 398 So.2d 1049 (La.1981). However, where the offense to which the defendant pleaded guilty inadequately discribes his conduct, and a significant reduction in exposure to imprisonment has been obtained through plea bargaining, the trial court has great discretion in imposing the maximum sentence. State v. Lanclos, 419 So.2d 475 (La.1982). The defendant significantly reduced his exposure to imprisonment through the plea bargain. Moreover, as a first felony offender, defendant is eligible for parole after serving one-third of his sentence. LSA-R.S. 15:574.4. Eligibility for parole is an amelioratory factor which should be considered in gauging the heaviness of sentences. State v. Green, 418 So.2d 609 (La.1982). The defendant's subsequent arrest on a charge of possession of cocaine is likewise a relevant factor. State v. Jenkins, 419 So.2d 463 (La.1982).
Despite the existance of the above enumerated factors which support the sentence imposed, we vacate the sentence and remand the case for resentencing, for the transcript of the sentencing hearing reflects that the trial judge considered inappropriate sentencing factors, failed to consider applicable mitigating factors, and at the time of sentencing was unsure of the charge on which the defendant was to be sentenced and the applicable sentencing range.
The trial court first voiced the opinion that the defendant was a drug dealer and stated that the probation department's recommendation of the intensive incarceration program was incorrect because the mandatory minimum sentence was ten years imprisonment. Both, defense counsel and the state pointed out to the court that the defendant pled guilty to attempted possession, and that there was no minimum sentence of imprisonment. The court thereafter stated that there was an undue risk of further criminal activity if the defendant was released on probation or given a suspended sentence, that the defendant was in *475 need of correctional treatment, and that a lesser sentence would deprecate the seriousness of the crime. The court stated that none of the mitigating factors listed in Article 894.1 were applicable and went on to note:
"... I think our problem, in our community, is certainly enhanced by the fact that there's so much cocaine on the street and other drugs. And, uh, I think its a major cause of our problems and not one to be just put aside as something like a venial sin. I think its a felony and its a major consideration for the law enforcement department as well as the administration of justice, in my own personal position, to make sure that the defendant is made to pay when he is convicted for that offense. Such a large amount of cocaine is certainly indicative ofhe doesn't take it himself, according to the report; he's not on any drugs. So, he would only have a reason for having it is to give it to somebody else...."
The record contains factual evidence supporting the trial court's conclusion that the defendant is a drug dealer. He was found in possession of a large amount of cocaine and over $14,000.00 in currency, and he voluntarily surrendered the currency as contraband under the provisions of LSA-R.S. 32:1550 et seq. While the judge's concern as to the seriousness of the drug problem in our society is well founded, his outrage may have caused him to overlook the applicable mitigating factors. See State v. Vampran, 459 So.2d 1333 (1st Cir.1984). At least one of the mitigating factors, i.e., the defendant had no history of prior delinquency or criminal activity, is clearly applicable. Further, the trial judge's apparent confusion as to the crime for which the defendant was being sentenced and the applicable sentencing range indicates the sentence imposed was selected at the moment of sentencing and thus time was not allowed for reflection and careful consideration of all factors.
For the foregoing reasons, we vacate the sentence and remand the case for resentencing. The defendant received a somewhat favorable pre-sentence report recommending intensive incarceration. Although the trial judge is not bound by the sentencing report, the recommendation should be given consideration. See State v. Bing, 410 So.2d 227 (La.1982).
We have not addressed the defendant's argument that the $75,000.00 fine is excessive because the record contains no information regarding the defendant's economic status other than the fact that he was represented by retained counsel and owns a business. Moreover, the issue of the defendant's ability to pay (indigency) would be more properly raised in the district court when the fine becomes due.
CONVICTION AFFIRMED; SENTENCE VACATED, AND CASE REMANDED FOR RESENTENCING.