KLIEBERT, Judge.
This case comes to us on appeal after remand for resentencing. This court affirmed defendant’s conviction of attempted possession of over two hundred but less than four hundred grams of cocaine, but vacated his fifteen year sentence and $75,-000.00 fine because the record reflected the trial judge overlooked applicable mitigating factors and at the time of sentencing was initially mistaken as to the crime for which defendant was convicted and the applicable sentencing range. State v. Restrepo, 527 So.2d 473 (5th Cir.1988). Defendant, resen-tenced to twelve years at hard labor with no fine, contends the sentence is excessive. We disagree.
At the resentencing hearing defense counsel informed the court that the defen *1131 dant was a first offender, the sole support for his wife, guilty of a non-violent crime, and had received a somewhat favorable pre-sentence investigative report. Although defendant had no prior arrest record, he had one subsequent arrest for the possession of cocaine. The judge noted that the defendant was allowed to plead guilty to a lesser offense in exchange for the dismissal of charges against his wife. The judge stated his concern as to the impact of cocaine on the community and noted that defendant was in actual possession of over one pound of cocaine.
The maximum term of imprisonment for attempted possession of two hundred to four hundred grams of cocaine is imprisonment for fifteen years and a fine of $175,000.00. Defendant’s twelve year sentence is in the upper statutory range. However, defendant actually possessed the cocaine, and if convicted of possession faced a sentence of ten to thirty years. The offense to which defendant pleaded guilty inadequately described his.conduct and bestowed on him a significant reduction in exposure to imprisonment; thus, the trial court had great discretion in imposing a sentence in the upper sentencing range. Accord State v. Lanclos, 419 So.2d 475 (La.1982). The availability of parole after one-third of the sentence is served is an amelioratory factor which should be considered in gauging the heaviness of the sentence. State v. Green, 418 So.2d 609 (La.1982). Defendant’s subsequent arrest for possession of cocaine is a relevant factor which supports a harsher sentence. State v. Jenkins, 419 So.2d 463 (La.1982).
A trial judge is given wide discretion in the imposition of sentences within statutory limits, and appellate courts should not set aside sentences as excessive in the absence of a manifest abuse of discretion. State v. Davis, 449 So.2d 452 (La.1984); State v. Garcia, 477 So.2d 833 (5th Cir.1985) writ denied 481 So.2d 628. Review of the sentence imposed in light of the applicable mitigating factors and sentencing principles reveals it is not grossly out of proportion to the offense; hence, we cannot substitute our judgment for that of the trial court. State v. Davenport, 445 So.2d 1190 (La.1984); State v. Falls, 508 So.2d 1021 (5th Cir.1987). The sentence imposed is affirmed.
AFFIRMED.