556 So.2d 1362 (1990)
Pedro RESTREPO
v.
Sgt. John FORTUNATO, et al.
No. 89-CA-609.
Court of Appeal of Louisiana, Fifth Circuit.
February 14, 1990.
Writ Denied April 16, 1990.
*1363 Pedro Restrepo, Angie, pro se.
Daniel R. Martiny, Metairie, for defendants/appellees.
Before KLIEBERT, WICKER and GOTHARD, JJ.
GOTHARD, Judge.
This appeal arises from a suit brought in proper person by a convicted felon against the sheriff of Jefferson Parish and eight officers of the sheriff's department. The suit, alleging personal injuries and false imprisonment, was dismissed on an exception of prescription.
Pedro Restrepo was convicted on a guilty plea of possession of cocaine in 1987, having been arrested in September, 1986. See State v. Restrepo, 527 So.2d 473 (La.App. 5th Cir.1988); State v. Restrepo, 538 So.2d 1130 (La.App. 5th Cir.1989). While awaiting sentencing, on October 9, 1987,[1] he was arrested at his body repair shop and charged with possession and distribution of cocaine. He was tried and convicted of those offenses. The Court of Appeal upheld the conviction but remanded the case for resentencing. State v. Restrepo, 544 So.2d 512 (La.App. 5th Cir.1989).
The civil suit before us concerns the arrest on or about October 9, 1987 by Jefferson Parish officers. The petition alleges that the officers, without warrants, "falsely imprisoned and kidnapped petitioner from his domicile." The plaintiff alleges further that they assaulted him and tried to kill him "by striking him repeatedly with a tire iron or other tool, by beating him, and forcefully striking him with various objects meant to permanently disable him and causing grievous injury to his back, kidneys, liver and other body areas." He alleges that he had also been beaten and kidnapped during the September, 1986 arrest.
False Imprisonment Claim
The tort of false imprisonment, or false arrest, has two essential elements, detention of a person and the unlawfulness of such detention. Touchton v. Kroger Co., 512 So.2d 520 (La.App. 3rd Cir.1987). As Restrepo was convicted of the crime for which he was arrested and indicted, and the conviction was affirmed by this court, he cannot show that his detention was unlawful. Accordingly, this court of its own motion notices that the plaintiff has no cause of action for false imprisonment. We shall not consider his opposition to the exception of prescription except to point out that prescription of one year begins to run when the person is released from prison and has been found innocent of the crime for which he has been incarcerated. Lathon v. Parish of Jefferson, 358 F.Supp. 558 (E.D.La.1973). Accordingly, we affirm the dismissal of this claim on grounds of no cause of action.
Personal Injury Claim
We next consider whether Restrepo's claim for personal injuries has prescribed. He alleges that the officers beat him during the October, 1987, arrest, but he was not aware that he had kidney and back damage which was related to that beating until October 10, 1988, when prison doctors examined him.
He asserts that LSA-R.S. 33:1442, providing a two year prescription period for suits against the sheriff for acts of malfeasance is applicable. The court in Thibodeaux v. Bordelon, 488 So.2d 244, 246 (La. App. 3rd Cir.1986) considered this issue and held that, "... whether the plaintiff's injuries resulted from nonfeasance, misfeasance or negligence the action is characterized as delictual," and that R.S. 33:1442 did not apply. Therefore the prescription period of one year for delictual actions applies to Restrepo's claim. LSA-C.C. art. 3492.
As the plaintiff's suit was filed on February 8, 1989 and the alleged beating occurred in October, 1987, the claim has prescribed *1364 on its face. The plaintiff argues on appeal that the doctrine of contra non valentem applies to his case, as he was unaware until he received medical attention in prison that he had received permanent damage.
Where the claim has prescribed on its face and the plaintiff relies upon a suspension of prescription, he bears the burden of establishing suspension. Guice v. Mustakas, 490 So.2d 390 (La.App. 5th Cir.1986). Under the doctrine of contra non valentem, prescription does not begin to run until the plaintiff knows sufficient facts and has a reasonable basis for filing suit against a certain defendant. Jordan v. Employee Transfer Corp., 509 So.2d 420 (La.1987). If indeed the plaintiff was beaten in October, 1987, he had sufficient facts upon which to file a suit at that time and has failed to carry his burden of proving prescription was suspended.
Accordingly, for the reasons assigned above, the case appealed from is affirmed.
AFFIRMED.
NOTES
[1] The appellant's petition and other pleadings allege the arrest and injuries occurred on October 12, 1987. The October 9 date appears in State v. Restrepo, 544 So.2d 512 (La.App. 5th Cir.1989).