**David F. MOSTELLER**

v.

**Susan I. SMITH.**

**Civ. A. No. 3:90CV00550.**

United States District Court,
E.D. Virginia,
Richmond Division.

Nov. 20, 1990.

David F. Mosteller, Loretto, Pa., pro se.

Debra Jean Prillaman, Asst. U.S. Atty., Richmond, Va., Dennis Szybala, Asst. U.S. Atty., Alexandria, Va., for defendant.

## MEMORANDUM

RICHARD L. WILLIAMS, District Judge.

Plaintiff David F. Mosteller, a United States prisoner proceeding *pro se* and *in forma pauperis,* brought this complaint under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). By Order entered September 21, 1990, the action was transferred to this Court from the Alexandria Division. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1331.

On October 9, 1990, defendant Smith filed a motion to quash service and a motion for summary judgment. By Order entered October 23, 1990, plaintiff was notified of his right to respond. On October 25, 1990, plaintiff filed his response to the dispositive motion. Also pending is a motion to stay discovery filed by the defendant. The case is currently ripe for disposition.

On May 17, 1990, the Court found that plaintiff Mosteller was entitled to proceed *in forma pauperis,* and filed the complaint. The record reveals that on July 26, 1990, a summons was issued and forwarded to the United States Marshal for service in accordance with 28 U.S.C. § 1915. Defendant affirms that on August 9, 1990, the U.S. Marshal served her with a copy of the summons, but not the complaint, for this action. Defendant, therefore, moves to dismiss the action or to quash service.

The motion to dismiss is well taken. However, the error in service of process cannot be attributed to plaintiff Mosteller. Additionally, defendant Smith is within the jurisdiction of the Court and amenable to service of process. Accordingly, defendant's motion to dismiss for improper service will be DENIED. Defendant's motion to quash service will be GRANTED. The Clerk will be DIRECTED to re-issue process to the defendant and the United States Marshal will be DIRECTED to serve the defendant on behalf of the plaintiff within eleven (11) days from the date of entry hereof.

Defendant asserts an alternative ground for dismissal, or a stay in the proceedings. She argues that because plaintiff essentially challenges the validity of his confinement, he must first exhaust his federal habeas corpus remedies despite the fact that the action was filed under *Bivens.* In opposition, plaintiff merely asserts that *Bivens* does not require exhaustion. For the reasons stated below, defendant's motion will be GRANTED in part and DENIED in part.

On October 5, 1984, plaintiff Mosteller was convicted for interstate transportation in aid of racketeering. Plaintiff received a split sentence on a two-count indictment. On one count, he was sentenced to federal confinement for a year and one day. On the other count, plaintiff was sentenced to five years probation. At some point after plaintiff's release from confinement, he was assigned to United States Probation Officer Susan I. Smith, the defendant.

Plaintiff alleges that in September of 1988, defendant Smith directed an unlawful search and seizure of his property. During the allegedly unlawful search, certain property was confiscated. Plaintiff further alleges that defendant used the allegedly unlawfully obtained property as evidence against him and coerced a key witness to

falsely testify at plaintiff's probation revocation hearing. Plaintiff seeks injunctive relief and monetary damages. Additionally, plaintiff seeks "consideration of release from further incarceration." *See* plaintiff's complaint at p. 21. In addition to this complaint, plaintiff filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. The petition is presently pending in this Division. *David Mosteller v. United States,* Criminal No. 84–00149–A. The petition raises essentially the same constitutional claims as this *Bivens* complaint.

It is now well settled that a state prisoner challenging the fact or duration of his confinement must first exhaust state court remedies regardless of how the action is styled. *See Preiser v. Rodriquez,* 411 U.S. 475, 489, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439 (1973) (habeas corpus rather than 42 U.S.C. § 1983 is the appropriate remedy to attack the fact or length of state confinement); *Todd v. Baskerville,* 712 F.2d 70, 73 (4th Cir.1983) (§ 1983 action attacking denial of good-time credits is essentially a habeas corpus action subject to exhaustion requirement). The same rule applies even if the only relief sought is damages because of the collateral effect of a successful action. *Hamlin v. Warren,* 664 F.2d 29 (4th Cir.1981), *cert. denied,* 455 U.S. 911, 102 S.Ct. 1261, 71 L.Ed.2d 451 (1982).

However, the Fourth Circuit has not considered whether a federal prisoner is also required to exhaust habeas corpus remedies when the complaint filed essentially challenges the duration or fact of his confinement.[1] Neither the statutes nor the rules governing federal habeas corpus relief provide guidance on this issue.[2] Nevertheless, in enacting 28 U.S.C. §§ 2241 and 2255, Congress expressly established devices through which federal prisoners may challenge the constitutionality of their confinement. Those devices are also subject to jurisdictional as well as procedural

limitations.[3] Federal courts must, therefore, exercise great caution before allowing federal prisoners to indirectly circumvent these statutory devices and procedures by simply filing a *Bivens* complaint.

This case is analogous to the situation presented in *Carlson v. Green,* 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15. In *Carlson,* the Supreme Court noted that a *Bivens* claim may be defeated when a defendant shows that Congress has provided an alternative remedy which is an explicit substitute for recovery and viewed as equally effective. *Id.* at 18–19, 100 S.Ct. at 1471–72. In this case, defendant does not seek to defeat plaintiff's right to prosecute a *Bivens* action. Defendant merely seeks to require plaintiff to first pursue his claim under the alternative remedy created by Congress for attacking the validity of confinement. Under this approach, once plaintiff exhausts his habeas corpus remedies, he may then bring a *Bivens* action for damages. The question then becomes whether Congress intended habeas corpus to be an initial but not an exclusive remedy in these circumstances.

Two circuits have examined this issue. In *Dees v. Murphy,* 794 F.2d 1543 (11th Cir.1986), a federal prisoner filed a civil rights action to challenge his conviction.[4] The Eleventh Circuit held that federal prisoners must first exhaust federal habeas corpus remedies to challenge their convictions before bringing civil rights complaints. In reaching this result, the Court first analyzed the exhaustion requirement imposed upon state prisoners. It found that the exhaustion requirement is not only based upon concerns for federalism, but also the exclusive nature of habeas corpus relief where the claim challenges the constitutionality of the conviction. *Id.* at 1544. The Fifth Circuit has reached the same conclusion. *Solsona v. Warden, F.C.I.,* 821 F.2d 1129 (5th Cir.1987); *see also, Spi-*

---

1. The procedural vehicles for such relief would be either 28 U.S.C. § 2241 or 28 U.S.C. § 2255.

2. *See e.g.* Rules Governing § 2255 Proceedings in the United States District Courts.

3. *See generally* 28 U.S.C. § 2241(c) and (d); § 2255; *see e.g.,* Rule 9, Rules Governing § 2255 petitions.

4. The prisoner had also attacked his conviction on other grounds by direct appeal and by collateral proceedings. *Dees,* 794 F.2d at 1544.

na v. C.L. Aaron, 821 F.2d 1126 (5th Cir. 1987) (§ 2241 habeas corpus relief must be exhausted before proceeding with a *Bivens* complaint).

These holdings are strongly supported by United States Supreme Court doctrine. In *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), state prisoners brought a § 1983 complaint to compel restoration of good-time credits. In requiring the prisoners to first exhaust habeas corpus remedies, the Court found that the specific habeas relief established by Congress must override the general terms of § 1983. *Id.* at 490, 93 S.Ct. at 1836–37.

■ This case presents a conflict between the narrow jurisdiction and specific remedy under § 2255 and the broad jurisdiction of § 1331, and general remedy under *Bivens.* While plaintiff primarily seeks monetary damages, a judgment in his favor might affect the validity of his confinement. However, federal habeas remedies are the exclusive vehicle for challenging the constitutionality of confinement. Therefore, where, as here, a federal prisoner attacks his conviction and seeks damages, he must first exhaust federal habeas corpus relief. *Cf. Hurley v. Lindsay,* 207 F.2d 410 (4th Cir.1953) (Declaratory Judgment Act cannot be used as a substitute for § 2255); *Pruitt v. Campbell,* 429 F.2d 642, 645 (4th Cir.1970). As stated earlier, to require otherwise would permit federal but not state prisoners to circumvent the jurisdictional and procedural limitations imposed upon habeas relief. Because the focus here must be the specificity of the statutory remedy and its relation to a general cause of action, the status of the plaintiff as a federal instead of a state prisoner, is a distinction without a difference. *See e.g. Carlson,* 446 U.S. at 18–19, 100 S.Ct. at 1471–72.

The test established in *Preiser* to determine when habeas relief is required is met by the facts of this case. That is, when a prisoner attacks the very fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus. *Preiser,* 411 U.S. at 500, 93 S.Ct. at 1841–42. Here, plaintiff's claim that his probation was revoked as a result of unlawfully obtained evidence and coerced testimony calls into question the very fact of his confinement. Accordingly, based upon the reasoning stated above, plaintiff will be required to exhaust his federal habeas corpus remedies prior to proceeding with this action.

■ The next issue that must be addressed is whether to dismiss the action without prejudice, or to stay the proceedings until resolution of plaintiff's § 2255 petition. This determination should be made based upon the effect dismissal might have on plaintiff's ability to reassert the present claims. The applicable statute of limitations for *Bivens* claims is the analogous state limitation. *Blanck v. McKeen,* 707 F.2d 817, 819 (4th Cir.), *cert. denied,* 464 U.S. 916, 104 S.Ct. 279, 78 L.Ed.2d 258 (1983), *citing, Johnson v. Railway Express Authority,* 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975). The state law statute of limitations is two years under Va.Code § 8.01–243 A. Plaintiff alleges that the claims arose in September of 1988. Therefore, to dismiss the action now would preclude plaintiff from reasserting them. Accordingly, defendant's motion to dismiss the action will be DENIED. Defendant's motion to stay will be GRANTED. Upon proper service of the summons and complaint, the action will be stayed pending resolution of plaintiff's § 2255 petition.

Lastly, defendant's motion to stay discovery will be GRANTED. Discovery will be stayed until plaintiff's § 2255 petition is resolved and active consideration of this action is resumed.

An appropriate Order shall issue.