**Alex BEVERLY, Plaintiff–Appellant,**

**v.**

**Janet RENO, et al., Defendants–Appellees.**

**No. 93–2270.**

United States Court of Appeals, Seventh Circuit.

Submitted March 7, 1994.

Decided April 21, 1994.

Alex Beverly, Jr., pro se.

George Brown, pro se.

Jack Donatelli, Asst. Atty. Gen., Civ. Div., Appellate Section, Chicago, IL, for defendants-appellees.

Before POSNER, Chief Judge, and BAUER and COFFEY, Circuit Judges.

POSNER, Chief Judge.

■ After his conviction for federal narcotics violations was affirmed, *United States v. Beverly,* 913 F.2d 337 (7th Cir.1990), Alex Beverly brought this civil suit to obtain a declaration that the statute under which he was convicted is unconstitutional. *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Beverly had not made this claim in his appeal from his conviction, and he has offered no excuse

for failing to do so. If, therefore, he had sought to attack the statute by instituting a postconviction proceeding under 28 U.S.C. § 2255, the federal prisoner's substitute for habeas corpus, he would be barred by the doctrine of waiver. *Reed v. United States,* 985 F.2d 880 (7th Cir.1993); *Liss v. United States,* 915 F.2d 287, 290 (7th Cir.1990). The question is whether he can avoid the bar by bringing an independent civil action. The answer is no, as three other circuits have already held. *Marchetti v. Bitterolf,* 968 F.2d 963, 966–67 (9th Cir.1992); *Spina v. Aaron,* 821 F.2d 1126 (5th Cir.1987); *Dees v. Murphy,* 794 F.2d 1543 (11th Cir.1986). It is true that the interest secured by the waiver doctrine in the federal-prisoner postconviction setting is the interest in the finality of criminal judgments and that Beverly is not purporting to seek to vacate his conviction or sentence. But if he got a declaration that the statute under which he was convicted is unconstitutional, he would undoubtedly try to use the declaration to get his conviction set aside and if he succeeded in this he would have engineered a perfect evasion of the waiver doctrine. If he failed and sought solace in a damages judgment, he could not possibly obtain one, as everyone he might sue (Congress? the Attorney General? the U.S. Attorney? the warden of the prison in which he is incarcerated?) would have immunity. If he wants neither release nor damages, and is pursuing the suit out of merely academic curiosity about the constitutionality of the statute under which he was convicted, then he does not have the kind of interest in the outcome of the suit that will support federal jurisdiction, consistently with Article III of the Constitution. But probably he seeks a key that will unlock the prison door to him, and that quest, though one that he has standing to pursue, is barred by the waiver doctrine. The suit has no possible merit, therefore, and so was properly dismissed.

AFFIRMED.