52 F.3d 325
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 John Paul DUNN, Plaintiff-Appellant,
v.
Wayne SMITH; Bruce Bernard; Douglas Warner; Ron
Nightengale; Gary Robbins; Les Tebo; Judith
Earnhardt; Marty Schaut; Leo
Cocciarelli; John W. Rideout,
Defendants-Appellees.
 No. 94-1920.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1995.
 
 1
 Before: JONES and SILER, Circuit Judges; and WISEMAN, District Judge.*
 
 ORDER
 
 2
 John Paul Dunn, a pro se federal prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Dunn, a former postal employee, sued the Postmaster of Cheboygan, Michigan (Smith, now retired), six other officials and employees of the United States Postal Service (USPS), two Michigan State Police officers (Nightengale and Robbins), and a Cheboygan County Police officer (Tebo) in their individual and official capacities. He alleged that the defendants collectively conspired to deprive him of his constitutional rights; that the state defendants conspired to entrap him on drug charges; and that the USPS defendants wrongfully removed him from employment, gave unauthorized information to the state police officers, and used fraud and deceit to deprive him of unemployment, disability, and workers' compensation benefits. He sought a total of $75,000 in compensatory damages and $100,000 in punitive damages.
 
 
 4
 In an order filed on July 19, 1994, the district court summarily dismissed Dunn's complaint as frivolous within the meaning of 28 U.S.C. Sec. 1915(d). The district court found that the claims against the police defendants challenged the validity of his conviction on drug charges and could only be raised in an appeal of his criminal conviction or in a petition for a writ of habeas corpus. As for the USPS defendants, the court found that Congress has created a comprehensive administrative system of remedies for violations of postal employees' rights which precluded Dunn's Bivens action. A separate judgment was entered on July 20, 1994.
 
 
 5
 Dunn raises four issues in his brief on appeal: (1) because he is a federal prisoner, the district court erred in holding that he must file a state court appeal and exhaust state remedies before bringing this action in federal court; (2) instead of dismissing this action, the district court should have joined it with his pending motion to vacate under 28 U.S.C. Sec. 2255 and two other "companion" cases or else stayed the action pending their disposition; (3) the district court erred by not allowing Dunn to amend his complaint; and (4) the district court abused its discretion in dismissing his complaint under Sec. 1915(d) because his factual assertions are not clearly baseless. He requests reinstatement of his prior in forma pauperis status and the appointment of counsel.
 
 
 6
 Upon review, we affirm the district court's judgment because Dunn's complaint has no arguable basis in law. A complaint may be dismissed as frivolous only when the plaintiff fails to present any claim with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). This court reviews a dismissal under Sec. 1915(d) for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 7
 Dunn's first argument is meritless because, even though the district court erroneously assumed that Dunn's criminal conviction was under Michigan rather than federal law, the legal principle relied upon by the district court remains. Dunn may not challenge his conviction collaterally in a civil rights action for damages, but must first establish that his constitutional rights were violated in a motion to vacate under 28 U.S.C. Sec. 2255. See Beverly v. Reno, 23 F.3d 158, 158-59 (7th Cir.1994); Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985) (per curiam). Any claim by Dunn that the state police investigation violated his civil rights would necessitate a ruling on the validity of his federal drug conviction. To the extent that Dunn alleges that the state officers' actions had an adverse effect on his employment and benefits, that claim is superseded by the actions of the USPS defendants.
 
 
 8
 We next conclude that the district court did not abuse its discretion in dismissing Dunn's complaint instead of consolidating it with others he had filed. See Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir.1985); Stemler v. Burke, 344 F.2d 393, 396 (6th Cir.1965). Furthermore, the district court did not err by summarily dismissing Dunn's complaint without giving him an opportunity to amend it. Contrary to the general rule, a district court may sua sponte dismiss a plaintiff's suit without giving the plaintiff the opportunity to amend or correct the deficiencies in the complaint if it dismisses the suit as frivolous pursuant to 28 U.S.C. Sec. 1915(d) and expressly cites to Sec. 1915(d) in its order. See Harris v. Johnson, 784 F.2d 222, 224 (6th Cir.1986); Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir.1983). The district court did cite Sec. 1915(d) in summarily dismissing Dunn's complaint.
 
 
 9
 Finally, the district court did not dismiss Dunn's complaint as frivolous because it lacked an arguable or rational basis in fact, but because it lacked an arguable basis in law. Dunn's claims against the state defendants lack an arguable basis in law for the reasons discussed above. His claims against the USPS defendants lack an arguable basis in law for the reason stated by the district court. See Pereira v. United States Postal Service, 964 F.2d 873, 875-76 (9th Cir.1992).
 
 
 10
 Accordingly, the requests for in forma pauperis status and appointment of counsel on appeal are denied. The district court's judgment, entered on July 20, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, United States District Judge for the Middle District of Tennessee, sitting by designation