| xKLEES, Judge.
Appellee, Abbott & Meeks, A Professional Law Corporation (Abbott & Meeks), sued appellant, Louis V. de la Vergne (de la Vergne), on an open account for payment of fees incurred for legal services. The representation was in connection with bankruptcy proceedings filed by de la Vergne’s brothers, and involved a judgment which appellant had won against his brothers. Abbott & Meek’s representation also included resolving a foreclosure proceeding against de la Vergne’s residence. The work performed by Abbott & Meeks began in 1989 and ended in November of 1990.
Suit was filed on September 24, 1992. De la Vergne filed an answer and reconventional demand on July 23, 1993, alleging legal malpractice by Abbott & Meeks. De la Vergne claimed that Abbott & Meeks negligently allowed the value of collateral to decline thereby losing the security de la Vergne had for the judgment against his brothers. As to the foreclosure, de la Vergne alleged that appellant negligently failed to produce tax certificates timely, causing a deal with the foreclosing bank to fall through. Abbott & Meeks thereafter filed a Peremptory Exception of Prescription which was maintained by the trial court. This appeal followed.
De la Vergne makes two assignments of error. First, he contends that he was unaware that the damage he suffered was caused by Abbott & Meeks until sometime between October, 1992 and July, 1993, and that therefore the doctrine of contra non valentem should apply to suspend the running of prescription until such time as he knew or reasonably should have known that the damages he sustained were caused by Abbott & Meeks. Second, de la Vergne claims that because Abbott & Meeks warranted a specific result in connection with the foreclosure proceeding, that particular claim for malpractice arises in contract and is subject to a liberative prescription of ten years.
*829 The mere breach of a professional duty, causing only nominal damages, speculative harm, or the threat of future harm — not yet realized — does not suffice to create a delictual action. Rayne State Bank & Trust Co. v. National Union Fire Ins. Co., 488 So.2d 987 (La.1986). Until the client suffers appreciable harm as a consequence of his attorney's negligence, the client cannot establish a cause of action for malpractice. The cause of action |2arises, however, before the client sustains all, or even the greater part of the damages occasioned by his attorney’s negligence. Any appreciable and actual harm flowing from the attorney’s negligent conduct establishes a cause of action upon which the client may sue. Id.
In this ease, de la Vergne sustained actual and appreciable harm before December of 1990 when trustees were appointed for both of his brother’s bankruptcies. Until that time, both brothers were debtors in possession of their estates and mishandled the estates in such a way as to erode de la Vergne’s security. Accordingly, de la Vergne’s cause of action arose sometime before December of 1990. Also, in regard to the foreclosure on de la Vergne’s residence, the agreement with the bank was reached in approximately August of 1989. Appellant contends that the delayed delivery of the tax certificates by Abbott & Meeks for three to four weeks resulted in the bank no longer agreeing to the original terms, thereby causing him damage. This alleged negligent act would have occurred either in September or October of 1989.
De la Vergne did not file his reconventional demand against Abbott & Meeks until July 23, 1993. Thus, his claim for legal malpractice prescribed unless there existed some condition which delayed the commencement or running of prescription. Brand v. New England Ins. Co., 576 So.2d 466 (La.1991).
When a petition reveals on its face that prescription has run, the plaintiff has the burden of showing why the claim has not prescribed. Bouterie v. Crane, 616 So.2d 657, 660 (La.1993). The plaintiff has three theories upon which he may rely to establish prescription has not run: suspension, interruption or renunciation. Contra non valen-tern is a judicially created suspensive theory developed under principles of equity and justice. The Supreme Court has set out four general situations in which contra non valen-tem would apply. Rajnowski v. St. Patrick’s Hosp., 564 So.2d 671 (La.1990); Whitnell v. Menville, 540 So.2d 304 (La.1989). Only one situation applies to the case at hand: Where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.
In de la Vergne’s own brief, he admits that he knew his position as a secured creditor was eroding over time, yet claims he did not know that the erosion was preventable through timely application to the bankruptcy court for adequate protection. Further, de la Vergne Lhired other counsel after dismissing Abbott & Meeks. This fact further substantiates that he knew or should have known of any attorney malpractice by Abbott & Meeks. Lastly, de la Vergne is himself a licensed attorney. These combined facts lead this court to find the application of contra non valentem to be inapplicable to this case. Because the reconventional demand was filed more than one year after de la Vergne knew or should have known that he sustained appreciable damage due to an act or omission by appellees, his suit has prescribed. Thus, we affirm the trial court’s finding.
As to de la Vergne’s second issue, we find no merit to his argument. De la Vergne states in his brief that Abbott & Meeks “undertook to promptly provide the tax certificates, but breached an express warranty of prompt delivery by delaying in the production of the certificates for some 3 or 4 weeks.” There is no evidence that appellee expressly warranted delivery of the tax certificates within a specific length of time. Nor is there evidence that the foreclosing bank required delivery of the certificates within a specific length of time as part of the foreclosure. Rather, as sworn to in Mr. de la Vergne’s affidavit produced in opposition to the Abbot & Meeks’ Exception of Prescription, the bank agreed to enter into a dation en paiement “to be concluded immediately *830 following affiant’s furnishing of current tax certificates on the property.” There was no deadline for the furnishing of the certificates.
In Cherokee Restaurant, Inc. v. Pierson, the First Circuit held that a malpractice action against an attorney should normally be subject to a one-year prescriptive period unless an attorney expressly warrants a particular result. 428 So.2d 995, 999 (La.App. 1st Cir.1983), writ denied, 431 So.2d 773 (La.1983). As stated above, there is no evidence that Abbott & Meeks expressly warranted a particular result. In undertaking to produce current tax certificates for de la Vergne, Abbott & Meeks agreed to exercise that degree of care, skill, and diligence expected of a prudent attorney. If Abbott & Meeks’ actions fell short of that standard, then there was a negligence claim for breach of a legal duty. Such a claim is subject to a one-year prescriptive period. B. Swirsky & Co., Inc. v. Bott, 598 So.2d 1281, 1283 (La. App. 4th Cir.1992), writ denied, 605 So.2d 1149 (La.1992). The trial court was correct in maintaining Abbott & Meeks’ Exception of Prescription. Accordingly, for the reasons expressed above, the ruling of the Final Court is hereby affirmed. Costs to be borne by Appellant de la Vergne.

AFFIRMED.