657 So.2d 338 (1995)
Raul A. CASTANEDA
v.
LOUISIANA INSURANCE GUARANTY ASSOCIATION, Larry Lathers and Joann Lathers.
No. 95-CA-29.
Court of Appeal of Louisiana, Fifth Circuit.
May 30, 1995.
Rehearing Denied July 17, 1995.
William J. Levenson, James Minge, James Minge & Associates, New Orleans, for plaintiff-appellant Paul A. Castaneda.
Ronald J. Vega, Maria N. Rabieh, Middleberg, Riddle & Gianna, New Orleans, for defendants-appellees Louisiana Ins. Guar. Ass'n, Larry Lathers and Joann Lathers.
*339 Before KLIEBERT, C.J., and DUFRESNE and CANNELLA, JJ.
KLIEBERT, Chief Judge.
Plaintiff Raul Castaneda appeals the trial court's dismissal of plaintiff's suit on the basis of defendants' exception of prescription. Plaintiff was involved in an auto accident during the pendency of a stay order involving suits against Liberty Lloyds, the defendants' insurer. Plaintiff filed suit within one year of the lifting of the stay, but more than one year after the occurrence of the accident. Defendants filed an Exception of Prescription. Plaintiff argued that the stay order enjoined him from filing suit, and that under the jurisprudential doctrine of contra non valentem, he should have been allowed one year from the lifting of the stay order to file suit. The trial court ruled in favor of defendants. We affirm.
According to plaintiff's petition, the accident occurred on January 31, 1993. On June 1, 1994 plaintiff filed suit against Larry Lathers, Joann Lathers, and the Louisiana Insurance Guaranty Association (LIGA).
Delictual actions are subject to a liberative prescription of one year. This prescription begins to run from the date the injury or damage is sustained. La.C.C. art. 3492. Prescription runs against all persons unless an exception is established by legislation. La.C.C. art. 3467. Prescription is interrupted by the filing of suit or by acknowledgment. La.C.C. arts. 3462, 3464.
The burden of proof in an exception of prescription lies with the party asserting it; however, where the petition shows on its face that it has prescribed, the burden shifts to the plaintiff to prove that the prescriptive period had been interrupted or suspended. Restrepo v. Fortunato, 556 So.2d 1362 (La. App. 5th Cir.1990), writ denied, 560 So.2d 11 (La.1990). Evidence may be introduced at the trial of an exception of prescription. LSA-C.C.P. art. 931. In the absence of evidence, the exception of prescription must be decided on the facts alleged in the petition, and all allegations thereof are accepted as true. National Union Fire Insurance Company v. Ward, 612 So.2d 964 (La.App. 2nd Cir.1993).
In this case, the face of the petition clearly proves that the plaintiff's suit was filed after the one year prescriptive period provided by La.C.C. art. 3492. Therefore, the burden shifted to the plaintiff to prove that the prescriptive period had been interrupted or suspended.
Plaintiff contends that prescription was suspended by the equitable doctrine of contra non valentem agere nulla currit praescriptio when an injunction was issued by the Nineteenth Judicial District Court for the parish of East Baton Rouge enjoining the filing of lawsuits against Liberty Lloyds or its insureds.
On October 1, 1992, Liberty Lloyds was placed in conservation under the direction and control of the Commissioner of Insurance for the State of Louisiana in judicial proceedings instituted in the Nineteenth Judicial District Court. At that time a stay order was issued, which provided in part, as follows:
IT IS FURTHER ORDERED that all individuals and entities are enjoined from instituting, or taking further action in, any suit or proceedings against Liberty Lloyds and the Companies or the Commissioner of Insurance for the State of Louisiana in his capacity as Conservator of Liberty Lloyds, and from making any levy or seizure against Liberty Lloyds and the Companies or their assets until further orders of this Court.
The above order was clarified on October 13, 1992, with the following language:
Considering the Order of Conservation previously entered herein on October 1, 1992, and the need for clarification thereof as to the effect of the Order on insureds or policyholders of Liberty Lloyds;
IT IS ORDERED that Paragraph 5 of the Order of Conservation entered in these proceedings on October 1, 1992, be and the same is hereby amended to read as follows:
IT IS FURTHER ORDERED that all individuals and entities are enjoined from instituting, or taking further action in, any suit or proceedings against Liberty *340 Lloyds and the Companies [as referred to in the original Order], or against any persons, firms or entities who are or who are alleged to be insured and/or policyholders of Liberty Lloyds and/or Liberty International, or the Commissioner of Insurance for the State of Louisiana in his capacity as Conservator of Liberty Lloyds, and from making any levy or seizure against Liberty Lloyds, such insureds and/or policyholders, and the Companies or their assets until further orders of this Court.
On December 14, 1992, a consent order of rehabilitation was issued which stated, in part, that:
All suits and seizures against Liberty Lloyds and/or its insured are hereby stayed, to prevent any preference, judgment, or lien being rendered against Liberty Lloyds or its insured ...
Apparently the stay orders of October 1st and 13th, 1992 were lifted in entirety on November 13, 1993.[1] Plaintiff's suit was filed against defendants and LIGA on June 1, 1994, less than seven months after the injunction was lifted, but over one year after the accident.
The doctrine of contra non valentem has been applied in four types of situations to prevent the running of liberative prescription:
1) Where there was some legal cause which prevented the courts or their officers from taking cognizance or acting on the plaintiff's action;
2) Where there was some condition coupled with the contract or connected with the proceedings which prevented the plaintiff from suing or acting on his claim;
3) Where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or
4) Where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. Corsey v. State Department of Corrections, 375 So.2d 1319 (La.1979); Plaquemines Parish Commission Council v. Delta Development Company, Inc., 502 So.2d 1034 (La.1987); Whitnell v. Menville, 540 So.2d 304 (La. 1989); Rajnowski v. St. Patrick's Hospital, 564 So.2d 671 (La.1990).
The plaintiff contends that the first two categories of the doctrine of contra non valentem are applicable here. However, as noted in Whitnell, supra, at 308, these two categories are "infrequently applicable in modern times." The first category refers to a situation where the courts are closed due to wartime conditions. Quierry's Executor v. Faussier Executors, 4 Mart. (O.S.) 609 (1817).
In its reasons for judgment, the trial court stated:
Delictual actions are subject to a liberative prescription of one year. This prescription begins to run from the day the injury or damage is sustained. LA.C.C. ART. 3492. Prescription runs against all persons unless an exception is established by legislation. LA.C.C. ART. 3467. The Court finds the plaintiff was not prevented from filing suit by the stay order. LEE V. CHAMPION INSURANCE CO., 592 [591] SO.2d 1364 (LA.APP. 4TH CIR.1991); WHITE V. HAYDEL, 593 So.2d 421 (La. App. 1st Cir.1991). Accordingly, the exception is maintained and plaintiff's suit is dismissed.
We see no error in the trial court's reasons nor the judgment dismissing the plaintiff's suit.
We know of no cases and plaintiff has not cited any cases to support plaintiff's contention that the second category of the contra non valentem doctrine applies to plaintiff's failure to file suit within one year of the accident. There is also no evidence in the record to show the injunction issued in the conservation proceeding prevented plaintiff from filing his suit within one year of the accident. Therefore, plaintiff failed to prove *341 that prescription was suspended or interrupted.
Plaintiff also argues that there was a verbal promise made by the insurance adjustor to settle the plaintiff's claim prior to the one year prescriptive period and that this promise lulled the plaintiff into not filing suit prior to January 31, 1994. In support of this contention, plaintiff offered an affidavit of a paralegal employed by the law firm hired by plaintiff to pursue plaintiff's claim. Plaintiff contends that the third category of contra non valentem applies to the promise to settle. The trial court disagreed with plaintiff's position and we cannot say that the trial court's decision was clearly error.
Plaintiff also argues that the verbal promise to settle the claim acted as an acknowledgment of the debt sufficient to serve as an interruption of prescription. The trial court's decision to reject this argument was not clearly wrong.
For these reasons, the judgment of the trial court is affirmed. Appellant is cast for all costs.
AFFIRMED.
NOTES
[1] The record contains no independent evidence of this date; however, in the transcript of the hearing, both parties refer to this date.