671 So.2d 943 (1996)
Beverly Picarella PHILLIP, et al.
v.
The HOME INSURANCE COMPANY, et al.
No. 95-CA-406.
Court of Appeal of Louisiana, Fifth Circuit.
February 27, 1996.
Opinion on Rehearing April 17, 1996.
*945 Eric A. Holden, W. Reed Smith, New Orleans, for appellants.
Lemle & Kelleher, Paul B. Deal, New Orleans, for defendants/exceptors/appellees Daniel A. Ranson and New England Insurance Company.
Daniel A. Rees, Christovich & Kearney, New Orleans, for defendant/appellee The Home Insurance Company.
Before DUFRESNE, GOTHARD and CANNELLA, JJ.
CANNELLA, Judge.
In a legal malpractice action, plaintiffs, Beverly Phillip and Albert Phillip, Sr., appeal from a judgment granting an exception of prescription filed by defendants, Daniel Ranson (Ranson) and his insurer, The Home Insurance Company. We affirm.
Appellants filed a petition for legal malpractice against appellee, Ranson, on March 8, 1993. The petition alleged that they sought legal advice from Ranson about methods of protecting the family home from the claims of creditors and to assure that the interests of their children in the home would be safeguarded. The petition asserted that Ranson drew up a revocable trust, which established appellants as the settlors, their children as the beneficiaries and appellant, Albert Phillip, Sr., as the trustee. The document was executed on January 29, 1986. Appellants further asserted that, sometime in the summer of 1987, their Certified Public Accountant, Kernion Schafer, told them that the trust would not protect the home from the claims of creditors because it was revocable. He referred appellants to another attorney, Steve Hurstell, for consultation. Appellants said that Hurstell agreed with Schafer. They assert that, as a result, Albert Phillip, Sr. contacted Ranson about these concerns and he reassured them that the trust would do what they wanted, so they took no further action.
On November 21, 1991, appellants filed a petition in bankruptcy. On February 5, 1992, the trustee for the bankruptcy, David Adler, filed a Motion To Extend The Deadline To File Objections To Debtor's Claimed Exemptions. The motion included the family home, which was the object of the trust. On March 11, 1993, Adler filed a petition for declaratory judgment and temporary restraining order, asking that the appellants be restrained from alienating the property and that the trial court recognize his Act of Revocation of the trust. Alternatively, the trustee requested that the trial court find the trust invalid and declare the property to be an asset of the estate. Subsequently, the property was sold, for less than its value of $120,000, to an irrevocable trust set up by appellants for the benefit of their children.
In response to appellants' petition for legal malpractice, appellees filed several exceptions of prescription based on La.R.S. 9:5605 and/or C.C. art. 3492. At the hearing on December 2, 1994, the parties submitted the matter on the documentary evidence attached to the exception. Attached were appellants' petition for legal malpractice, the trust document, the deposition testimony of Kernion Schafer and Steve Hurstell, the bankruptcy trustee's Motion to Extend the Deadline To File Objections To Debtor's Claimed Exemptions, a copy of the proposed Objections To The Debtor's Claimed Exemptions showing that the trustee intended to challenge the trust, the Verified Complaint For Declaratory Judgment And Temporary Restraining Order and the temporary restraining order rendered by the bankruptcy judge. On December 5, 1994, the trial judge *946 granted the exception of prescription, finding that appellants knew or should have known that the trust was questionable in the summer of 1987. Thus, she held that the claim was prescribed under the one year prescriptive period of C.C. art. 3492, in effect when the trust was confected, under R.S. 9:5605, the prescription statute for legal malpractice enacted in 1990, or under the 1992 amendment to R.S. 9:5605.
Historically, prescription for legal malpractice claims was governed by the general prescription articles, La.C.C. art. 3492 or La. C.C. art. 3499, depending on whether the claim was in tort or for breach of contract, respectively. Under La.C.C. art. 3492, the prescriptive period for a legal malpractice claim sounding in tort was one year. That period did not run until discovery and the prescriptive period could be suspended during the continuous representation of the client by the attorney regarding the specific subject matter in which the alleged wrongful act or omission occurred. Brand v. New England Ins. Co., 576 So.2d 466 (La.1991). Under La.C.C. art. 3499, the prescriptive period on a breach of contract claim was 10 years. That prescriptive period begins to run from the date that the contract is allegedly breached. Deshotels v. Fruge, 364 So.2d 258 (La.App. 3rd Cir.1978).
Most legal malpractice actions are delictual and are governed by the one-year prescriptive period. This rule was historically subject to two exceptions: (1) when the attorney expressly warrants a specific result and fails to obtain that result, and (2) when the attorney agrees to perform certain work and does nothing whatsoever. In these two contexts, the action would be in contract and subject to the ten-year prescriptive period. Lima v. Schmidt, 595 So.2d 624 (La.1992). However, in 1990, the legislature changed the prescriptive periods for legal malpractice claims by enacting La.R.S. 9:5605 ... That statute was amended in 1992, and, as amended, is the current law applicable to prescription of legal malpractice actions. La.R.S. 9:5605 now provides:
A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. However, with respect to any alleged act, omission, or neglect occurring prior to September 7, 1990, actions must, in all events, be filed in a court of competent jurisdiction and proper venue on or before September 7, 1993, without regard to the date of discovery of the alleged act, omission, or neglect. The one-year and three-year periods of limitation provided in Subsection A of this Section are preemptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
C. Notwithstanding any other law to the contrary, in all actions brought in this state against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional law corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, the prescriptive and preemptive period shall be governed exclusively by this Section.
D. The provisions of this Section shall apply to all persons whether or not infirm *947 or under disability of any kind and including minors and interdicts.
E. The preemptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953 ...
It is well settled that statutes of limitations are remedial in nature and, as such are generally accorded retroactive application. However, statutes of limitation, like any other procedural or remedial law, cannot, consistently with state and federal constitutions, apply retroactively to deny a person of a preexisting right. "Nonetheless, a newly created statute of limitation or one which shortens existing periods of limitation will not violate the constitutional prohibition against divesting a vested right provided it allows a reasonable time for those affected by the act to assert their rights." Lott v. Haley, 370 So.2d 521, 523-524 (La.1979).
La.C.C.P. art. 931 provides that, on the trial of the peremptory exception pled at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. Evidence is "any species of proof, or probative matter, legally presented at the trial ..., by the act of the parties and through the medium of witnesses, records, documents, exhibits, concrete objects, etc., for the purpose of inducing belief in the minds of the court or jury as to their contention." Black's Law Dictionary 498 (5th ed. 1979); Ustica Enterprises, Inc. v. Costello, 434 So.2d 137, 139 (La.App. 5th Cir.1983). When no evidence is presented at the hearing on the exception, then the objection must be decided upon the facts alleged in the petition. Younger v. Marshall, 618 So.2d 866, 871 (La.1993). However, when evidence is presented, then the issue must be decided on the evidence submitted.
In this case, the pre-statute breach of contract theory does not apply since appellants failed to produce evidence that Ranson warranted a specific result or that he agreed to perform certain work, but did nothing whatsoever. Ranson denied in his deposition that he promised a specific result, contending would not be protected from the attack of creditors and that appellants chose to place the house in the revocable trust so that Albert Phillip, Sr. could maintain control over the property. Appellant's subsequent attorney, Hurstell, stated that Albert Phillip, Sr. told him that he contacted Ranson and that he told him that the trust was fine. Appellants did not present any other evidence to support the allegation, made in the petition and in brief to this court, that they relied on Ranson's assurances when Albert Phillip, Sr. confronted him that the trust would accomplish appellants' aims to protect the house from creditors. Thus, they have failed to show that this case arises under the breach of contract theory of recovery.
The next question is whether the enactment of the statute in 1990, changing the law, disturbed appellant's vested right to sue in tort or whether the claim had prescribed prior to the enactment of the statute. Appellants filed their action before September 7, 1993, the cut-off date for the application of the new statute. However, this is irrelevant if the claim was prescribed prior to enactment of the statute.
Prior to enactment of the statute, C.C. art. 3492 governed the commencement of prescription for legal malpractice. The article states that delictual actions are subject to a liberative prescription of one year and that this prescription commences to run from the day that injury or damage is sustained. The mere breach of a professional duty, causing minimal or speculative damages or the threat of future harm, does not suffice to create a delictual action because, until the client suffers appreciable harm, he cannot establish a cause of action. Brand v. New England Ins. Co., 576 So.2d 466, 468 (La.1991); Rayne State Bank & Trust Co. v. National Union Fire Ins. Co., 483 So.2d 987 (La.1986); Abbott & Meeks v. de la Vergne, 94-0263 (La.App. 4th Cir. 9/29/94); 643 So.2d 827. However, the client does not need to suffer all, or the greater part of the damages, for the cause of action to arise. Id. The cause of action accrues when the client suffers any appreciable and actual harm. Id.
*948 The burden of proving that a suit has prescribed rests with the party pleading prescription. Castaneda v. Louisiana Insurance Guaranty Association, 95-29 (La. App. 5th Cir. 5/30/95); 657 So.2d 338, 339; Restrepo v. Fortunato, 556 So.2d 1362, 1364 (La.App. 5th Cir.1990); writ denied, 560 So.2d 11 (La.1990). Prescription begins to run when a claimant knew or should have known of the existence of facts that enable him to state a cause of action for legal malpractice. Vaughn v. Slaughter, 94-0552 (La. App. 1st Cir. 3/3/95); 653 So.2d 36, 39. However, when the face of the petition shows that the claim is prescribed, the burden of proof shifts to the claimant to prove suspension, interruption or renunciation. Castaneda v. Louisiana Insurance Guaranty Association, 657 So.2d at 339; Abbott & Meeks v. de la Vergne, 643 So.2d at 829. In this regard, the courts have applied Contra non valentem agere nulla currit praescriptio, a judicially created suspensive theory, which provides that prescription does not run against a person unable to bring an action. It is applied in four general situations,
(1) Where there is some legal cause which prevented the courts or their officers from taking cognizance of or acting on the action; (2) Where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; (3) Where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and (4) Where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.
Doskey v. Hebert, 93-1564 (La.App. 4th Cir. 9/29/94); 645 So.2d 674, 679.
Under the doctrine of contra non valentem, only the fourth situation applies in this case, "Where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant."
Appellants assert that they did not suffer the harm until the trustee filed his formal challenge to the trust. Appellees assert that the one year prescription commenced in the summer of 1987, when appellants knew or should have known that the revocable nature of the trust would not protect the property from the attack of creditors.
According to the evidence, Albert Phillip, Sr. was informed, in the summer of 1987 by his C.P.A. and attorney, that the trust would not do what appellants intended. However, in appellants petition and brief to this court, they claim that, upon confronting Ranson, he assured Albert Phillip, Sr. that the trust was fine for appellants purposes and thus, they let the matter drop. In his deposition testimony, Ranson denied that he spoke to Albert Phillip, Sr. about this. Ranson testified that he spoke to a man named Gibson, who had originally referred appellants to him, and that he informed Gibson that appellants chose that type of trust, despite his warnings that the trust would not insulate the property from an attack of creditors. Ranson testified that, in his discussions with Albert Phillip, Sr. prior to formalizing the trust, he explained several ways to try to accomplish appellants' goal. Ranson stated that Albert Phillip, Sr. chose the trust method. He stated that appellants wanted the trust to be revocable. In support of this assertion, Ranson submitted the first draft of the trust, showing that it was originally set up to be irrevocable. He testified that it was changed to a revocable trust at the request of Albert Phillip, Sr., so that he could maintain control of the home's disposition in the future. Appellants produced no evidence to refute Ranson's version of these events. Without appellants' evidence, we have no choice but to conclude that they had the underlying facts necessary to assert their cause of action in 1987. It was then that they suffered appreciable damages. It was then that they knew or should have known that the document would not protect their property from the attack of creditors. Thus, we find that the trial judge did not err in finding that the claim was prescribed in 1988, under the one year prescriptive period of C.C. art. 3492 or under the later enacted statute and its amendment.
Appellants also assert that La.R.S. 9:5605 is unconstitutional. In Vallo v. Gayle Oil Company, Inc., 94-1238 (La. 11/30/94); *949 646 So.2d 859, 865, the Louisiana Supreme Court stated that appellants' claim that a statute is unconstitutional must be pled in a petition. It cannot be raised in a memorandum, opposition or in brief. In addition, the attorney general must be served when a petition for declaratory judgment is filed and should be notified of the challenge in all other situations. The trial court further found that the attorney general must be provided sufficient time to brief and prepare arguments to defend the constitutionality of the statute and a hearing on the contested issue must be held. In this case, the issue was raised in appellants' opposition memorandum, the attorney general was not notified and no hearing was held on the question. Thus, we will not address the claim that the statute is unconstitutional because it is not properly before the this court.
Accordingly, the judgment of the trial court is hereby affirmed.
Costs of this appeal are to be paid by appellants.
AFFIRMED.
GOTHARD, Judge, dissenting in part.
I respectfully dissent in part because I believe the majority has incorrectly applied La.C.C.P. art. 931 to deprive plaintiffs of their tort action. It is well recognized that the party raising the peremptory exception of prescription bears the burden of proof. Spott v. Otis Elevator Co., 601 So.2d 1355, 1361 (La.1992). An exception to the general rule arises when, on the face of the petition, it is apparent that the claim has prescribed. Id. In such a case, the burden shifts to the plaintiff to prove that the claim has not prescribed. Id.
In the instant case, the plaintiffs' petition alleges that they suffered damages sufficient to support a malpractice action against the defendant attorney on March 11, 1992, when the bankruptcy trustee filed an objection to the trust. The plaintiffs then filed their suit on March 8, 1993, within the one year period for delictual actions. The petition further alleges that, prior to the trustee filing an objection to the trust, the defendant attorney had assured the plaintiffs that the trust would accomplish its intended purpose. That is, the petition alleges that, prior to the trust being challenged, the plaintiffs neither knew nor should have known that the trust would fail. Again, the petition was filed within one year of the date the trust was challenged and the plaintiffs suffered appreciable damages. Thus, on its face, the petition states a timely cause of action. Accordingly, the burden of proof on the issue of prescription rested with the defendant in this case. Spott, supra.
At the hearing on the exception, neither party presented any witnesses. Instead, the trial court decided the exception on documentary exhibits, including the deposition testimony of the defendant attorney. In his deposition testimony, the attorney stated that the plaintiffs had knowledge in the summer of 1987 that the trust would not accomplish its intended purpose.
The majority opinion notes that the plaintiffs "produced no evidence to refute [defendant's] version of these events" and then goes on to say that "[w]ithout [plaintiffs'] evidence, we have no choice but to conclude that they had the underlying facts necessary to assert their cause of action in 1987." The foregoing analysis is apparently based on the rule that "when evidence is presented [at a hearing on an exception], then the issue must be decided on the evidence submitted." However, no authority is given for this rule and it conflicts with La.C.C.P. art. 931, which provides, in pertinent part, that "[o]n the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition."
The majority's refusal to consider the allegations of the petition in determining the validity of the exception is not supported by article 931. In fact, the clear language of the article states that a plaintiff does not have to submit evidence against an exception when the petition itself controverts the exception, as is the case here. Accordingly, I think the majority erred when it stated that it had "no choice but to conclude" that the plaintiffs knew or should have known in the summer of 1987 that the trust would fail.
*950 Taking into account the allegations of the petition which controvert the grounds for the exception of prescription, it is apparent that conflicting versions of the events giving rise to the instant cause of action were presented to the trial court. Due to this conflict, I don't think it can be said that the defendant carried his burden of proof on this matter. Therefore, I feel the trial court erred in sustaining the exception of prescription. Based on the foregoing, I dissent from the court's opinion insofar as it holds that the plaintiffs' tort action has prescribed.
REHEARING GRANTED:
We grant the rehearing for the sole purpose of clarifying our findings in the original opinion. The opinion is otherwise affirmed.
First, we noted in our original opinion that the trial judge found that the claim was prescribed under C.C. art. 3492 because plaintiff knew or should have known that the trust was questionable for plaintiffs' purposes in the summer of 1987. We failed to also point out that the trial judge found that the claim had prescribed under R.S. 9:5605, as enacted in 1990 and as amended in 1992. The basis for the latter finding was that plaintiffs were put on notice of their malpractice claim in February of 1992 when the bankruptcy trustee called the trust into question. Since the action was not filed until March of 1993, she found that the claim had prescribed under the statutes, as well as the pre-statute law.
Second, in one part of the opinion, we recognized that plaintiffs produced the depositions of Schafer and Hurstell to reflect plaintiffs' version of the events in 1987. We later stated that plaintiffs produced no evidence to rebut Ranson's deposition testimony, in which he refutes the allegations in plaintiffs' petition. This was inaccurate and an inadvertent statement. We read and considered these depositions. However, the conclusion that the claim was prescribed is a factual finding by the trial judge. The appellate court cannot reverse the factual findings of the trial court in the absence of manifest error, even when the evidence is solely documentary and/or is presented by depositions. See: Virgil v. American Guarantee and Liability Ins. Co., 507 So.2d 825 (La.1987); Fiffie v. Borden, Inc., 618 So.2d 1199, 1203 (La.App. 5th Cir.1993); writ denied, 624 So.2d 1235 (La.1993). After our review of the record, we concluded in our original opinion that the claim was prescribed based on the evidence. After a second review, we reach the same conclusion, finding that the trial judge did not commit manifest error.
Accordingly, we affirm our original opinion as clarified herein. The application for rehearing is otherwise denied.