| iBOWES, Judge.
Plaintiff, C. Diane West, appeals a judgment of the district court maintaining exceptions of no cause of action and prescription. For the following reasons we reverse.
Ms. West filed suit for breach of contract in the Twenty-Fourth Judicial District Court the against the defendant/appellee, Lawrence V. Giancontieri Jr. The petition stated that West and Giancontieri began living together in 1993 and were engaged to be married. According to the lawsuit:
_JjFrom December of 1993 through November of 1994, defendant and his fiance, Diane West, purchased lottery tickets together with the specific understanding and agreement that if they ever won the lottery, the lottery winnings would be split equally between them.
The petition continued, alleging that on November 12, 1994, West had given defendant $5.00 to purchase the lotto tickets for that weekend’s drawing, worth $11 million dollars, and that defendant had bought the tickets with that money. After discovering one of their tickets had the winning numbers, defendant signed the back of the ticket and told West and her daughter Jamie that they could quit their jobs because they were all millionaires. However, defendant then proceeded to claim the winnings, but failed to share them with the plaintiff, resulting in the alleged breach of contract. The cause of action was specifically styled as one for breach of contract or in the alternative, for unjust enrichment of defendant.
Giancontieri filed exceptions of no cause of action, prescription, nonjoinder of an indispensable party, and improper venue. After consideration of memoranda and oral argument, the trial court granted the exceptions of prescription and no cause of action, and found the remaining exceptions to be moot. It is from this judgment that plaintiff appeals.

*118
ANALYSIS

The trial court based its judgment on La. R.S. 47:9025, finding that this was a lottery proceeds case and, therefore, that statute was controlling.
|3La. R.S. 47:9025 was' enacted as part of the Louisiana Lottery Corporation Law. As articulated in the statement of purpose and intent in the general provisions of that subtitle, the legislature intended that the Louisiana Lottery Corporation be accountable to the governor, the legislature, and the people of the state through a system of audits, reports, and financial disclosure “as required by this Subtitle.” La. R.S. 47:9001. The following articles proceed to create and regulate the Lottery and the Lottery Corporation.
La. R.S. 47:9025 deals with the award and distribution of prizes, including among other things, the taxability of the prizes. Section B obligates the corporation board to adopt rules to establish a system of verifying the validity of tickets and to effect payment of such prizes. The statute also proceeds to make certain regulations relative to the awards, such as the non-assignability of the prizes. A time frame is created (180 days) within which to claim a prize. There are numerous other provisos. In particular, Sections C and E state:
La. R.S. 47:9025 states:
C. No prize shall be paid upon a ticket purchased or sold in violation of this Subtitle. Any such prize shall constitute an unclaimed prize for purposes of Paragraph (3)of Subsection B.
[[Image here]]
UE. The corporation is discharged of all liability upon payment of a prize.
Clearly, the legislative intent of the laws under this subtitle is to promote the security and integrity of the Lottery (R.S. 47:9001), and thus the regulations were created. As the above quoted provisions indicate, La. R.S. 47:9025 is intended to regulate and protect the Lottery Corporation. The corpora^ tion is discharged of liability; we think it obvious that the corporation is not to pay a prize on a ticket purchased or sold in violation of this section. Section 4 of this statute, relied upon by appellee to support its exception of no cause of action, says:
(4)No particular prize in any lottery game shall be paid more than once, and in the event of a binding determination that more than one claimant is entitled to a particular prize, the sole remedy of such claimants is the award to each of them an equal share in the prize.
Plainly, the legislature has deemed that this is the sole remedy against the Lottery Corporation of multiple claimants to a particular prize. Similarly, section 5, relied upon by defendant to support its exception of prescription, states:
(5)A holder of a winning ticket from a Louisiana lottery game or from a multi-state or multisovereign lottery game shall claim a prize within one hundred eighty days after the drawing in which the prize was won. In any Louisiana lottery game or in a multistate or multisovereign lottery game in which the player may determine instantly if he has won or |5lost, he shall claim a prize within ninety days after the end of the lottery game. If a valid claim is not made for a prize within the applicable period, the prize shall constitute an unclaimed prize for purposes of Paragraph (3) of this Subsection.
Again, we find it clear that the sections grants a time period for individuals to claim a prize from the Lottery Corporation. Although Section 1 mandates procedure for payment by the lottery corporation to the estate of a deceased winner, and La.R.S. 47:9026 mandates the promulgation of rules for the withholding of prizes from those persons who have outstanding child support ar-rearages, we find nothing in the subtitle to indicate that the Legislature intended to regulate personal relations between private parties (unless action by or on behalf of the Lottery Corporation itself is involved).
In the present ease, the plaintiff has averred that she had a specific understanding and agreement with the defendant that they would share any lottery winnings, and that, contrary to that agreement, defendant claimed the winnings and failed to share them with her. She has, by averring that *119 defendant breached a contract with her, stated a cause of action in contract. Her suit is solely against the defendant, from whom she seeks damages. This is not a “lottery proceeds case.” The Lottery Corporation is not a party to this action; therefore, La. R.S. 47:9025 is inapplicable to the present situation.
| ¡Accordingly, we hold that the trial judge erred in finding that the plaintiff did not state a cause of action. Further, the court erred in finding that the subject action had prescribed, inasmuch as the prescriptive period for contractual actions is ten years. La. C.C.P. art. 3499; Phillip v. Home Ins. Co., 95-406 (La.App. 5 Cir. 2/27/96), 671 So.2d 943. That prescriptive period begins to run from the date that the contract is allegedly breached. Phillip, supra.

DECREE

For the foregoing reasons, the judgment of the trial court maintaining the exceptions of prescription and no cause of action is reversed, the exceptions are dismissed and the matter is remanded for further proceedings. Costs are assessed to the appellee.
REVERSED AND REMANDED.