3MARION F. EDWARDS, Judge.
Plaintiffs/Appellants, former Entergy employees, appeal the trial court’s judgment that granted defendants’ peremptory exception of prescription. For the following reasons, we reverse.
On November 29, 1993, suit was filed in the 24th Judicial District Court for the Parish of Jefferson alleging a pattern of wrongful termination, based upon age, on behalf of putative class of plaintiffs who were formerly employed by either Entergy Corporation or an Entergy subsidiary. In seven subsequent supplemental and amending petitions, several hundred additional plaintiffs were added to the initial action. On August 13, 1997, the plaintiffs were granted class certification by the District Court. This Court subsequently reversed the class certification and remanded the case for further proceedings.[1]
^Pursuant to an order by the District Court, in May of 2001 plaintiffs filed their Eighth Supplemental and Amending Peti *146 tion. Defendants thereafter filed several exceptions including a peremptory exception of prescription. In a hearing on September 20, 2001, the District Court ordered plaintiffs to complete a series of questionnaires and use the information to amend their petition accordingly. On September 24, 2001, the court granted defendant’s exception of prescription as to the following plaintiffs: Ellen Blanchard, James Boudreaux, Robert Butler, Andrew Ford, Robert Fugok, Joy Hughes, Williams Lee, Theresa Luker, Glenn Parsons, Carlos Savona, and Lewis Touna. The court further allowed the same plaintiffs an opportunity to amend their petition in order to state when they became aware of their cause of action.[2]
On October 28, 2001, plaintiffs filed their Ninth Supplemental and Amending Petition, and defendants once again urged their exception of prescription. After a hearing on August 21, 2001, the trial court granted defendant’s exception of prescription as to the 11 above named plaintiffs, rendering a Partial Final Judgment on October 31, 2002. It is from this judgment that plaintiffs appeal.
LAW AND ARGUMENT
An exception of prescription is a peremptory exception, which a defendant may raise at any time, including on appeal or after the close of |Bevidence, but prior to its submission after trial.[3] La.C.C.P. art. 931 states that on the trial of the peremptory exception prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. In the absence of evidence, the exception of prescription must be decided on the facts alleged in the petition, arid all allegations thereof are accepted as true.[4]
Louisiana courts have noted that claims brought for violations of Louisiana Age Discrimination Employment Act, pursuant to LSA-R.S. 51:2264, are delictual actions subject to the one year prescription of La.C.C. Art. 3492.[5] On appeal plaintiffs assert, however, that the trial court erred in granting defendant’s exception of prescription, arguing that under the doctrine of contra non valentum their claims did not prescribe although suit was filed over one year after their respective terminations.
In Spruiell v. Ludwig,[6] this Court recounted the law on the doctrine of contra non valentem agere nulla currit praeseriptio:
A judicially created exception to the running of liberative prescription is afforded by the doctrine of contra non va-lentem agere nulla currit praescriptio, (prescription does not run against one *147 who is unable to act). The four recognized situations where the doctrine applies to prevent the running of prescription are:
(1) Where there was some legal cause which prevented the courts or their officers from talcing cognizance of or acting on the plaintiffs [01-1323 La.App. 5 Cir. 6] action;
lt;(2) Where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;
(3) Where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action;
(4) Where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.
The fourth category, commonly known as the discovery rule, provides that prescription commences on the date the injured party discovers or should have discovered the facts upon which his cause of action is based.[7] Hence, prescription does not accrue. It does not run against one who is ignorant of the facts upon which his cause of action is based, as long as such ignorance is not willful, negligent, and unreasonable.[8] The plaintiff further bears the burden of showing why prescription has not run when the face of the petition reveals that the action is prescribed.[9]
In Hospital Service Dist. No. 1 of Jefferson Parish v. Alas,[10] this Court elaborated on the discovery rule:
For purposes of the discovery doctrine of contra non valentum, a plaintiff will be deemed to know that which he could have learned from reasonable diligence. LaPlaque Corp. v. Chevron, USA, Inc., 638 So.2d 354 (La.App. 4 Cir.1994). ‘If an opportunity is afforded to a party to know and to learn about a certain matter bearing on his interest and he fails or refuses to profit by it, if he closes his eyes to the notice spread before him and shuts his ears to oral information directly imparted to him, the law will hold him as bound by the same, and as fully notified as if he had taken thorough personal cognizance at the time of the information imparted |7and of the notice given.’ Id., at p. 1383, citing Bory v. Knox, 38 La.Ann. 379 (La.1886).
In Groom v. Energy Corp. of America, Inc.,[11] we also noted:
The precise point at which a plaintiff becomes aware of the facts sufficient for prescription to begin running is often difficult to identify, but the question is answered based on whether plaintiff was reasonable in delaying filing suit in light of his own information. Cole v. Celotex Corporation, 620 So.2d 1154, 1156-1157 (La.1993). These are factual questions which can only be determined by analysis of evidence.
In this case, no evidence was introduced by either party in regard to the exception for prescription. The record before us reflects that the only documentation for the trial court to consider regarding the claim for prescription was contained within the ninth amending petition itself, the alíe- *148 gations in which must be considered as true. Attached to the petition were copies of documents, entitled, “Entergy Age Discrimination Litigation-Court-Ordered Client Questionnaire,” from which the information contained in the petition was derived. Question number five on this form directed, “State the day, month and/or year when you first became aware, learned or believed that your termination from Entergy was based on your age.” The 11 plaintiffs at issue each provided relevant information in answer to the question.[12] In all instances the plaintiffs claim to have first learned of the alleged potential discrimination more than one year after their respective terminations from employment. In this case, plaintiffs argue that because they were among the first to be terminated by ^defendants, an alleged pattern of age discrimination was not yet apparent, and therefore they had no reason to inquire about, nor were they aware of, a potential cause of action.
After careful consideration, we find that there is nothing in the record which contradicts plaintiffs assertions that they did not become aware of a potential cause of action against Entergy before the one year prescription had tolled. The plaintiffs’ claims in the petition indicate that they did not have a reason to suspect that age was a motivating factor in their termination from Entergy. Further, there is nothing in the record to suggest that the ignorance of their potential claim approached the benchmark of being willful, negligent, and unreasonable. Accordingly, we find that the plaintiffs have met their burden to show why their claims have not prescribed and that the trial court erred in finding the doctrine of contra non valentum did not apply under the facts.
Accordingly, the judgment of the trial court is reversed.
REVERSED.

. Eastin v. Entergy Corp., 97-1094 (La.App. 5 Cir. 4/15/98), 710 So.2d 835.

. In Eastin v. Entergy, 2001-C-1224 (La.App. 5th Cir. 1/11/01), which was unpublished, this Court denied Entergy's supervisory writ application on several trial court rulings unrelated to the present appeal. The Supreme Court subsequently granted writs in Eastin v. Entergy, 2002-CC-0443 (La.4/19/02); 813 So.2d 415, and remanded the case to the trial court for reconsideration of the exceptions of improper venue and improper cumulation. In Eastin v. Entergy, 2002-C-1056 (La.App. 5th Cir.12/16/02), this court recently denied Entergy’s writ application based on the judgment after rehearing.

. LSA-C.C.P. arts. 927 and 928(B).

. Castaneda v. Louisiana Ins. Guar. Ass’n, 95-29 (La.App. 5 Cir. 5/30/95), 657 So.2d 338; writ denied, 95-2097 (La.11/17/95), 663 So.2d 715; National Union Fire Insurance Company v. Ward, 612 So.2d 964 (La.App. 2 Cir.1993).

. Brunett v. Department of Wildlife and Fisheries, 96-0535 (La.App. 1 Cir. 12/20/96), 685 So.2d 618; writ denied, 97-0186 (La. 3/14/97), 689 So.2d 1385.

. 568 So.2d 133 at 138 (La.App. 5 Cir.1990); writ denied 573 So.2d 1117 (La.1991).

. Wimberly v. Gatch, 93-2361 (La.4/11/94), 635 So.2d 206.

. Turnage v. Columbia Lakeside Hosp., 98-1263 (La.App. 5 Cir. 3/30/99), 731 So.2d 919, 922; writ denied, 745 So.2d 26 (La.1999).

. Wimberly v. Gatch, supra.

. 94-897 (La.App. 5 Cir. 6/28/95), 657 So.2d 1378; writ denied, 95-1959 (La.11/13/95), 662 So.2d 473.

. 94-623 (La.App. 5 Cir. 1/18/95), 650 So.2d 324.

. In summary, the plaintiffs answered as follows in regard to when they learned about the lawsuit against Entergy: Ellen Blanchard-late 1995; Robert Butler-January, 1993; James Boudreaux-mid-October, 1997; Andrew Ford-1995; Robert Fugok-Does not know exact date; Joy Hughes-mid 1993; William Lee-after November 29, 1992; Theresa Luker-January or Februaiy, 1993; Glenn Parsons-January or February, 1993; James Savona-November, 1996; Lewis Touna-July, 1993.