860 So.2d 86 (2003)
In re MEDICAL REVIEW PANEL OF Keyaka LAFAYETTE and Nathaniel Batiste on Behalf of Their Minor Son, Shamar Lafayette (Deceased).
No. 03-CA-457.
Court of Appeal of Louisiana, Fifth Circuit.
October 15, 2003.
*87 Joseph W. Thomas, New Orleans, LA, for Appellants.
Richard P. Ieyoub, Attorney General, G. Scott Vezina, Andrea Cella Caplan, Kelli M. Khalaf, Special Assistants Attorney General, Gretna, LA, for Appellees.
Panel composed of Judges JAMES L. CANNELLA, MARION F. EDWARDS and WALTER J. ROTHSCHILD.
JAMES L. CANNELLA, Judge.
In this medical malpractice action, the Plaintiffs, Keyaka Lafayette, (Keyaka), individually and on behalf of her deceased son, Shamar Lafayette (Shamar) and Nathaniel Batiste, individually, the father of Shamar Lafayette, appeal from a judgment granting the peremptory exception of prescription filed by Defendant, the State of Louisiana (the State), Louisiana State University Medical Center, Health Care Services Division, Charity Campus and University Campus, (the State). We reverse and remand.
On April 28, 2001, Keyaka gave birth to Shamar at the University Campus of the Defendant. Thereafter, he was hospitalized for one week. On May 25, 2001, the child was circumcised at the Charity Campus of the State. He developed a hernia and was taken to West Jefferson Medical Center (West Jefferson) on June 4, 2001 where Dr. Gerald A. Ross attempted to push the hernia back in the abdomen and scheduled him for surgery to repair it. The surgery was performed on June 5, 2001 by Dr. Adolph Vincent. On June 8, 2001, x-rays disclosed a hole in the child's intestine. Emergency surgery was performed on June 9, 2001 by Dr. Rodney Steiner. Shamar died on June 10, 2001.
The Plaintiffs filed an administrative medical malpractice complaint on May 30, 2002 against Dr. Ross, the Louisiana Medical Center at New Orleans known commonly as Charity Hospital, University Hospital, West Jefferson, and Dr. Vincent. An amended complaint was filed on June 4, 2002.
On November 15, 2002, the State filed an exception of prescription contending that the face of the petition shows that the acts complained of in the petition against it and Dr. Ross occurred over one year before the claim was filed. The Plaintiffs filed an opposition on January 2, 2003. The hearing was held on January 8, 2003. Counsel for the Plaintiffs did not appear, although he notified the court that he was running late. After waiting 30 minutes, the trial judge convened the hearing. Following argument by the State, the trial judge granted the exception and dismissed Plaintiff's case. On appeal, Plaintiffs assert that the trial judge erred in granting the exception.
*88 Plaintiffs contend that their petitions assert the discovery exception to the general one year prescriptive period for malpractice claims relative to survival actions, and that, under Campo v. Correct, 01-2707 (La.6/21/02), 828 So.2d 502, a claim cannot prescribe on the face of the petition when the well pleaded facts allege that the tort was discovered after the act. In the petition, they allege that they did not discover the alleged malpractice of the State hospitals and physicians until the date of the child's death, June 10, 2001, when Keyaka asked Dr. Ross what caused it and he responded that it was the result of the "botched" circumcision (on May 25, 2001). Plaintiffs also contend that the wrongful death claim is not prescribed since they filed suit within one year of the death, pursuant to La.C.C. art. 3492.
The State responds that the claim is prescribed on its face and that Campo did not hold that a discovery allegation in a petition protects it from being prescribed on its face. Nevertheless, it also argues that the discovery allegation was refuted by Dr. Ross in an affidavit in which he denied making any such statement. The State argues further that the appropriate prescription for medical malpractice claims of any kind against the State is governed by La.R.S. 40:1299.39(c).
La.R.S. 9:5628 provides the prescriptive period for medical malpractice actions:
A. No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital or nursing home duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1299.41(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect. {Emphesis added.}
In Campo, the Louisiana Supreme Court specifically stated that it was resolving a "split among the circuit courts on the issue of when a plaintiff's petition is prescribed on its face in medical malpractice actions when the claim is brought within one year from the date of discovery." Campo, 01-2707 at 6, 828 So.2d at 507. Thus, the Louisiana Supreme Court did decide that issue and we are obliged to follow its holding. The Campo Court explained:
It is well established that the action for medical malpractice sounds in negligence. LA.REV.STAT. ANN. § 40:1299.41(A)(8). The plea of prescription must be specifically pleaded, and may not be supplied by the court. LA.CODE CIV. PROC. ANN. art. 927(B). Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show that the action has not prescribed....
A straight forward reading of LA. REV.STAT. ANN. § 9:5628 clearly shows that the statute sets forth two prescriptive limits within which to bring a medical malpractice action, namely one year from the date of the alleged act or one year from the date of discovery with a three year limitation from the date of the alleged act, omission or neglect to bring such claims.... Thus, a petition should not be found prescribed on its face if it is brought within one year of *89 the date of discovery and facts alleged with particularity in the petition show that the patient was unaware of malpractice prior to the alleged date of discovery, and the delay in filing suit was not due to willful, negligent, or unreasonable action of the patient. [Citations omitted; Emphasis added]
Campo, 01-2707 at 7-8, 828 So.2d at 508, 509.
The Plaintiffs are correct that the claim against the State hospitals and physician is not prescribed on its face because of the discovery allegation. Further, the facts asserted indicate that the delay in filing suit "was not due to willful, negligent, or unreasonable action of the patient." Id. Thus, at the hearing, the State had the burden of proving that the claim was prescribed. See: Campo, 01-2707 at 7, 828 at 508. What did they prove? The State argued that Dr. Ross denied in an affidavit that he told Keyaka that the circumcision caused the death and that the Plaintiffs failed to controvert that affidavit.
The exception of prescription is a peremptory exception which a defendant may raise at any time, including on appeal or after the close of evidence, but prior to its submission after trial. On the trial of the peremptory exception prior to the trial of the case, evidence may be introduced to support or controvert any of the objections plead, when the grounds thereof do not appear from the petition. La.C.C.P. art. 931. However, in the absence of evidence, the exception of prescription must be decided on the facts alleged in the petition, and all allegations thereof are accepted as true. Eastin v. Entergy Corp., 02-1119 pp. 4-5 (La.App. 5th Cir.3/11/03), 844 So.2d 144, 146.
The running of the prescriptive period is triggered when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort. Campo, 01-2707 at 12, 828 So.2d at 511. Constructive knowledge is whatever notice is sufficient to excite the attention of the injured party and which puts the party on notice that an inquiry is necessary. That notice is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead. Id. However, the mere apprehension of a plaintiff that something may be wrong is not sufficient to begin the prescription. Campo, 01-2707 at 12, 828 at 511. Only if the plaintiff knew or should have known through the exercise of reasonable diligence that his problem may have been caused by acts of malpractice does prescription begin to run. Id.; Gunter v. Plauche, 439 So.2d 437, 439 (La. 1983). "The ultimate issue is the reasonableness of the patient's action or inaction, in light of his education, intelligence, the severity of the symptoms, and the nature of the defendant's conduct." Campo, 01-2707 at 12, 828 at 511.
At the hearing on the exception of prescription, the State argued, but failed to introduce, Dr. Ross's affidavit or any other evidence. In the absence of evidence, we must decide the exception of prescription on the facts alleged in the petition and must accept all allegations thereof as true. Eastin, 02-1119 pp. 4-5, 844 So.2d at 146. Based on our review of the petitions, we find that the Plaintiffs' cases are not prescribed. Thus, the trial judge erred in granting the exception of prescription.
The State also argues that the Plaintiffs are incorrect that the prescriptive period for wrongful death is governed by La.C.C. art. 3492. We agree with the State that La.R.S. 40:1299.39(c) limits the claims against State medical providers to the provisions of the Medical Malpractice Act, 40:1299.41 et seq. and the prescriptive period set out in La.R.S. 9:5628. However, *90 this does not change the result at this time.
Accordingly, the judgment of the trial court is hereby reversed and the case remanded for further proceedings. Costs of this appeal are to be paid by the State.
REVERSED AND REMANDED.