917 So.2d 652 (2005)
Veronica HEARD and Rodney Williams Individually and o/b/o of Dishean Heard, Plaintiffs-Appellants
v.
MOREHOUSE PARISH HEALTH UNIT, Louisiana State University Medical, and Louisiana Risk Management Insurance Company, Defendants-Appellees.
No. 40,250-CA.
Court of Appeal of Louisiana, Second Circuit.
December 14, 2005.
*653 Kelly & Kelly by Michael W. Kelly, Evelyn Collins Kelly, Lake Providence, for Appellants.
Charles C. Foti, Jr., Attorney General, Richard A. Bailly, Assistant Attorney General, for Appellees, State of Louisiana DOHH, Morehouse Parish Health Unit and Division Administration, Office of Risk Management.
Richard A. Bailly, Katherine Wheeler, Assistant Attorneys General, for Appellee, Louisiana State University Medical Center in Monroe.
Before BROWN, STEWART and PEATROSS, JJ.
STEWART, J.
Veronica Heard and Rodney Williams, individually and on behalf of the minor child, Dishean Heard (collectively "plaintiffs") appeal the trial court's grant of prescription in favor of Morehouse Parish Health Unit, Louisiana State University Medical Center, and Louisiana Risk Management Insurance Company (collectively "defendants"). Finding no merit in the plaintiffs' claims, we affirm the judgment of the trial court.

FACTS
This medical malpractice case arose from the prenatal treatment of Veronica Heard at the Morehouse Parish Health Unit and the November 12, 2002, delivery of her son, Dishean Heard, at the E.A. Conway Hospital in Monroe. Veronica and Rodney Williams, Dishean's father, alleged that the staff of the aforementioned facilities failed to provide adequate prenatal care and information, failed to provide proper management of Heard's post term pregnancy of four and a half weeks, failed to ameliorate the risks of Heard's post term pregnancy in light of her family history of diabetes, failed to use appropriate delivery techniques, and applied excessive force during the delivery which resulted in birth complications and injuries to Veronica and Dishean.
Plaintiffs' attorneys received a claim analysis from Quality Care Litigation Support Services that identified alleged acts of malpractice on September 8, 2003. Plaintiffs filed suit on November 12, 2003, in the district court without seeking review of their complaint by a medical review panel. The State responded with an exception of prematurity on April 5, 2004. The plaintiffs filed a request for a medical review panel on June 2, 2004, that was later dismissed because of plaintiffs' failure to pay the requisite filing fee.
On June 17, 2004, the defendants filed an exception of prescription which was granted along with the exception of prematurity on December 28, 2004. This appeal ensued.

DISCUSSION

Exception of Prescription
Plaintiffs contend that a straightforward reading of La. R.S. 9:5628 clearly shows that the statute sets forth two prescriptive limits for bringing a medical malpractice action, namely one year from the date of the alleged act or one year from the date of discovery with a three year limitation from the date of the alleged act, omission, *654 or neglect to bring such claims. In re Med. Review Panel of Lafayette, 03-457 (La.App. 3d Cir.10/15/03), 860 So.2d 86.
The plaintiffs incorrectly state that the running of prescription should not run from Dishean's birth on November 12, 2002, but instead should run from September 8, 2003, when plaintiffs' counsel received an unsigned "case work up" from Quality Care Litigation Support Services identifying alleged acts of malpractice by the health unit and hospital. If prescription is measured from this point, then plaintiffs' September 8, 2004, request for a medical review panel would be timely. However, the trial court correctly found that plaintiffs did not meet the burden of proof of showing that they did not have constructive knowledge of their claim before they received the report from Quality Care.
The trial court determined that "the complications associated with the delivery complained of by plaintiff in her petition are of a nature and kind sufficient to trigger notice and start the accrual of prescription." The court further found that in the absence of any evidence of a coverup, the defendants had met their burden of proof to demonstrate that the plaintiffs claim had prescribed. See Bailey v. Haynes, 37,038 (La.App. 2d Cir.4/9/03), 843 So.2d 584, writ denied, XXXX-XXXX (La.10/10/03), 856 So.2d 1207 and Cruse v. LSUMC, 34,770 (La.App. 2d Cir.6/20/01), 792 So.2d 798.
In Cruse, this court held that when a plaintiff has knowledge of facts strongly suggestive that an untoward condition or result may be the result of improper treatment and there is no effort by the health care provider to mislead or cover up information available to the plaintiff through inquiry or professional medical or legal advice, and the facts and the cause of action are reasonably knowable to the plaintiff, the one year prescriptive period under La. R.S. 9:5628 commences immediately.
In Bailey, a case with facts nearly identical to the instant matter, the court determined that a plaintiff, who was 42 weeks pregnant and experienced difficult labor and delivery with immediately identifiable injuries to the baby, had sufficient information to incite her curiosity and put her on notice of a cause of action that resulted in the commencement of the accrual of prescription from her son's birth.
Our review of the record reveals that plaintiffs' argument is simply without merit. Quality Care's report was not issued until nearly 10 months after Dishean's birth. The fact that plaintiffs sought legal counsel that led to the request of this report is strongly indicative of constructive knowledge of a claim sufficient to start the running of prescription. It was the decision of plaintiffs' counsel to wait on a report from Quality Care to file this suit without first filing for a medical review panel that was in error. It was also plaintiffs' counsel who, when he did file for a medical review panel, failed to timely pay the requisite fee.
Given the nature of the injuries alleged, plaintiffs had facts strongly suggestive of improper treatment immediately following the birth of Dishean. Consequently the trial court's determination that the one year prescriptive period began to run from November 12, 2002, is not in error.

CONCLUSION
Based on the foregoing, we affirm the judgment of the trial court finding that plaintiffs' claims have prescribed. Costs assessed to the appellant.
AFFIRMED.